Manuel RODRIGUEZ, Jr. and Olga Rodriguez, Appellants,

v.

Joseph K. KVASNICKA, Appellee.

No. 13–85–245–CV.

Court of Appeals of Texas, Corpus Christi.

April 24, 1986.

Rehearing Denied May 15, 1986.

*Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex. 1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960).

Rose M. Guerra, Jeffrey L. Jackson, Harlingen, for appellants.

John E. Lewis, McAllen, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This case involves a personal injury action brought by Manuel Rodriguez, Jr. and Olga Rodriguez Nieto for the death of their father, Manuel Rodriguez, resulting from an automobile-pedestrian accident. Defendant Joseph F. Kvasnicka was the driver of the automobile which struck the plaintiff. The jury found the driver and the pedestrian both negligent and assessed fifty percent (50%) negligence to each. The jury answered the damage issues finding: pecuniary loss for each plaintiff: $1,208.75; loss of companionship and society: zero; and mental anguish past and future: zero. Appellants' motion for new trial, based on the legal and factual insufficiency of the jury's answers, was overruled by the trial court.

Appellants' eight points of error complain that the trial court erred in refusing to grant a new trial because the jury's answer of "zero" on Special Issues 4 (loss of companionship and society) and 5 (mental anguish, past and future) were so against the great weight and preponderance of the evidence as to be manifestly unjust and because the jury's answer is contrary to undisputed evidence which proved the issues conclusively.

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in

At trial Manuel Rodriguez, Jr., testified that he and his wife and children lived in the deceased's home rent-free and that they shared the expenses of utilities and food with his father. He testified that he ate meals with his father daily and played cards with him each night. Manuel testified that in addition to providing a place to live, his father contributed about $3,500 each year to Manuel's family and gave the children money whenever they asked him. Manuel testified that he had been close to his father and had experienced a loss of appetite and difficulty sleeping after his father's death. Appellant did not seek medical treatment for these problems.

Manuel's wife, Sara Rodriguez, testified also to the sharing of meals and her husband's difficulty after the accident with sleeping and eating. She confirmed the financial contributions made by the deceased to her family during their fourteen years under the same roof. Sara Rodriguez also testified that appellant Olga Rodriguez Nieto and the deceased visited daily.

Olga Rodriguez Nieto, daughter of the deceased, testified that she visited her father daily, beginning with coffee in the early morning. On cross-examination it was brought out that by the time she fed her children and took them to school, her father had already left for work. She amended her answer and stated that she visited him daily when he was not working. Mrs. Nieto testified that after her father's death, she experienced difficulty sleeping, loss of appetite and headaches. She testified that she had been having the headaches before her father's death but that they were worse after he died. Mrs. Nieto did not seek medical treatment for these

problems. Mrs. Nieto also testified that her father gave her money whenever she asked and that she had intended to pay it back, but never did.

■ The appellants had the burden of proof and persuasion on these issues. *Vance v. My Apartment Steak House of San Antonio, Inc.,* 677 S.W.2d 480, 482 (Tex.1984). The credibility of witnesses and the weight to be given their testimony are questions for the jury. *Diaz v. Cantu,* 586 S.W.2d 576, 579–80 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). This is particularly true with regard to the testimony of witnesses interested in the outcome of the litigation. *James T. Taylor & Son, Inc. v. Arlington Independent School District,* 160 Tex. 617, 335 S.W.2d 371 (1960); *Rosenblum v. Bloom,* 492 S.W.2d 321 (Tex.Civ.App.—Waco 1973, writ ref'd n.r.e.).

In a concurring opinion in *Dupree v. Blackmon,* 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.), Justice Keith formulated the following rule for reviewing those cases in which the jury has answered "none" to special issues on damages in personal injury cases:

> If the plaintiff has objective symptoms of injury, i.e., a cut or laceration of his body as in this instance, and there is readily available testimony which the defendant could offer to refute such fact, plaintiff's evidence cannot be disregarded by the jury when the defendant fails to refute it.
>
> On the other hand, if plaintiff's complaints are subjective in nature, i.e., headaches, which the defendant may not readily dispute, then the negative answer of the jury to the damage issue will not be disturbed when it rests upon the testimony of plaintiff alone.

This rule was used as a guideline by the courts of appeals in *Hammond v. Estate of Rimmer,* 643 S.W.2d 222, 223–24 (Tex.App.—Eastland 1982, writ ref'd n.r.e.), and *Kraatz v. Faubion,* 617 S.W.2d 277, 279 (Tex.Civ.App.—Eastland 1981, no writ). A similar rule was cited by the court in *Szmalec v. Madro,* 650 S.W.2d 514, 517 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

In *Dupree v. Blackmon,* an action for damages arising out of an automobile-motorbike collision, the jury found each of the drivers guilty of negligence and answered "none" to plaintiff's damage issue. The majority opinion stated that in view of plaintiff's undisputed proof of injury to his knee, the answer of "none" to the damage issue was against the great weight and preponderance of the evidence. The majority noted that two cases in which jury answers of "none" were upheld involved "whiplash" injuries which are subjective in nature. *See Hulsey v. Drake,* 457 S.W.2d 453, 460 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.); *Royal v. Cameron,* 382 S.W.2d 335, 337 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.). Justice Keith, in his concurrence, formulated the above-quoted rule.

In *Hammond v. Estate of Rimmer,* a personal injury action arising out of an automobile-motorcycle collision, the jury allowed damages for past medical expenses, past and future loss of earnings and past pain and mental anguish but answered "none" to future pain and mental anguish. Following the rule set out by Justice Keith in *Dupree,* the court held that in view of the fact that plaintiff was in a full body cast for 29 days and suffered permanent disabilities including permanent nerve root damage resulting in impairment of bowel and bladder control, the jury's finding of "none" to the future pain and mental anguish issue was so against the great weight and preponderance of the evidence as to be manifestly unjust.

In *Kraatz v. Faubion,* a personal injury action arising out of a pickup truck-tractor collision, the jury allowed damages for medical bills and past loss of earnings but denied recovery for past and future physical pain and mental anguish. Kraatz had complained of a "whiplash" injury and shoulder pain. Medical testimony was contradictory, some indicating that his pain was due to a pre-existing back condition and some indicating the accident as the

cause of the pain. Following Justice Keith's guidelines from *Dupree*, the court held that because Kraatz' complaints were subjective in nature, the jury verdict would be upheld unless the finding that Kraatz sustained an injury required a different result. Since no point of error was raised urging conflict between jury answers, the matter was held waived, and the jury verdict was upheld.

In *Szmalec v. Madro*, a personal injury action arising out of an automobile accident, the jury found that plaintiff suffered no damages as a result of the accident and a take nothing-judgment was rendered. There was no proof of any objective physical manifestation of physical injury to plaintiff. All of his symptoms were dependent upon his verbal description of "subjective" conditions, i.e., stiffness, low back pain, numbness, insomnia. Medical and psychiatric testimony indicated that the plaintiff's pain may have been due to his mental condition or a pre-existing back condition. The court reasoned that where the injuries are primarily of a subjective nature, the fact issue is exclusively for the jury's determination. The judgment was affirmed.

Matters of pain and suffering are necessarily speculative, and it is peculiarly within the province of the jury to resolve these matters and set the amount of such damages. *Badger v. Symon*, 661 S.W.2d 163 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Kraatz*, 617 S.W.2d at 279. In the case at bar, the complaints are subjective in nature: loss of sleep, loss of appetite and headaches. Appellants did not seek medical treatment for these complaints. The existence of these complaints was testified to only by three interested witnesses. The complaints are of a type which a defendant cannot readily dispute. Therefore, based on the authorities cited above, the negative answer to the damage issue will not be disturbed. *Dupree v. Blackmon*, 481 S.W.2d 216 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.); *see Szmalec v. Madro*, 650 S.W.2d 514 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd

n.r.e.); *Hammond v. Estate of Rimmer*, 643 S.W.2d 222 (Tex.App.—Eastland 1982, writ ref'd n.r.e.); *Kraatz v. Faubion*, 617 S.W.2d 277 (Tex.Civ.App.—Eastland 1981, no writ).

Appellant's eight points of error are overruled and the judgment of the trial court is AFFIRMED.