**ASSICURAZIONI GENERALI,
S.p.A., Appellant,**

v.

**Randy MILSAP, Appellee.**

**No. 9629.**

Court of Appeals of Texas,
Texarkana.

Sept. 20, 1988.

Rehearing Denied Oct. 18, 1988.

Phillip ·W. Gilbert, Riddle & Brown, Dallas, for appellant.

John W. Alexander, G. Timothy Boswell, Alexander & Boswell, Winnsboro, H. Wayne Meachum, Adams & Meachum, Dallas, Coy Johnson, Sulphur Springs, for appellee.

BLEIL, Justice.

Assicurazioni Generali appeals from a default judgment, contending that the trial court abused its discretion by ordering sanctions for violation of discovery rules and by excluding evidence, and that the awards of actual and exemplary damages are not supported by sufficient evidence. We affirm.

Generali insured four horses owned by Milsap for $110,000.00. In 1984, and while the policy was in effect, the horses were destroyed by fire. After Generali denied payment, Milsap filed suit, alleging bad faith by Generali. When Generali failed to timely answer discovery requests, Milsap sought sanctions. On September 8, 1987, following a hearing on Milsap's motion for sanctions, the trial court ordered Generali's pleadings struck and ordered that Generali not be allowed to present expert opinion evidence as to the value of the horses. The trial court entered a default judgment in favor of Milsap on the issue of liability and held a jury trial on the issue of damages. The jury awarded $110,000.00 pursuant to the insurance policy, $75,000.00 actual damages resulting from a breach of the duty of good faith and fair dealing, $110,000.00 exemplary damages, and $40,000.00 for attorney's fees. The trial court entered judgment, including an award of prejudgment interest, in the amount of $373,479.20.

Generali asserts that the trial court abused its discretion in four ways: by entering its order granting sanctions, by de-

nying Generali's motion to set aside the order granting sanctions, by denying Generali's motion for new trial, and by striking Generali's defensive pleadings. Generali also contends that the trial court's imposition of sanctions effectively denied it a jury trial and deprived it of property without due process of law.

Under Tex.R.Civ.P. 215(2)(b), when a party fails to comply with proper discovery requests, the trial court is authorized to make such orders in regard to the failure as are just. It may strike pleadings in whole or in part, stay further proceedings until the order is obeyed, or dismiss the proceedings or any part thereof, or render a judgment by default against the disobedient party. *Id.*

On September 8, 1987, the trial court held a hearing on Milsap's motion for sanctions. Generali did not appear at the hearing. The trial court had the following matters before it: the order setting the hearing; a letter from T.B. Nicholas of Riddle & Brown, Generali's attorneys, to John Alexander, Milsap's attorney, indicating that Nicholas was aware of the hearing; and a letter from a legal assistant at Riddle & Brown to Alexander stating that a young associate "simply dropped the ball, and [the lawyer now working on the case] did not realize that the discovery was outstanding." Before the hearing these documents were filed on the dates indicated:

November 5, 1984—Plaintiff's First Request for Production and Inspection

January 21, 1985—Plaintiff's Motion for Sanctions

January 21, 1985—Defendant's Response to Plaintiff's First Request for Production

February 5, 1987—Plaintiff's Second Request for Production, Plaintiff's First Set of Interrogatories, and Plaintiff's Second Request for Admissions

Generali filed a response to Milsap's second request for admissions, but the request for production and interrogatories went unanswered until August 21, 1987, two months after the hearing on the motion for sanctions was set and one month before trial.

A trial court's order imposing sanctions should not be overturned unless there is a clear abuse of discretion. *Bosnich v. National Cellulose Corp.*, 676 S.W.2d 446 (Tex.App.—Houston [1st Dist.] 1984, no writ). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The guiding rule in this case is Tex.R.Civ.P. 215(2)(b)(5).

Striking pleadings is an extreme sanction which should not be imposed unless the failure to answer discovery requests is willful, in bad faith, or due to some fault of the disobedient party. Kilgarlin & Jackson, *Sanctions for Discovery Abuse Under New Rule 215*, 15 St. Mary's L.J. 767, 800 (1984). However, there is a tendency to uphold severe orders to deter those who might be tempted to abuse the discovery process. *Id.*, at 800, and *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). The trial court properly found fault on Generali's part because Generali received, yet failed to timely respond to, various discovery requests without an acceptable explanation. Additionally, the trial court properly considered Generali's failure to appear at the hearing on the motion for sanctions because that failure may have indicated a willful disregard of the discovery rules. Generali eventually responded, but eventual compliance with discovery requests does not preclude the imposition of sanctions. *Drozd Corp. v. Capitol Glass & Mirror*, 741 S.W.2d 221, 223 (Tex.App.—Austin 1987, no writ). In *Drozd*, the court upheld the trial court's order striking the appellant's pleadings for failure to answer interrogatories and cited *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839 (Tex.1986). This case indicates that the purpose of sanctions is not only to assure compliance with discovery procedures but also to deter abuse of the process and to punish parties that violate the discovery rules.

Generali has not shown that the trial court's action was arbitrary or unreasonable. It was within the trial court's discretion to determine whether Generali's failure to comply with discovery requests was due to intervening circumstances or to conscious disregard of the rules and whether Generali's failure to appear at the hearing on September 8, or to contact the court to explain its absence, was reasonable.

Generali presents no authority for its contention that the striking of its pleadings by the trial court denied its right to a jury trial, as guaranteed by Tex. Const. Art. I, § 15, and deprived it of property without due process of law. Ordinarily, the striking of pleadings is allowed to deter future abuses of the discovery process. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d at 241.

■ Generali claims that the trial court erred in precluding it from presenting evidence of nonliability under the insurance policy and evidence tending to prove that Milsap intentionally burned the horses in order to collect the insurance proceeds. Generali cites *Southern Pacific Transp. Co. v. Evans*, 590 S.W.2d 515 (Tex.Civ.App. —Houston [1st Dist.] 1979, writ ref'd n.r. e.), *cert. denied*, 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980), and *Wyatt v. Shaw Plumbing Co.*, 736 S.W.2d 763 (Tex. App.—Corpus Christi 1987, writ ref'd n.r. e.), in support of its contention that the mere striking of pleadings does not create a default. Both cases uphold the striking of pleadings and the preclusion of the violator's evidence: *Southern Pacific* holds that the trial court did not abuse its discretion in granting the nonviolator's motion for interlocutory default judgment; *Wyatt* holds that the nonviolator is still required to present evidence to support his claim.

The effect of striking a defendant's pleadings is that there is no answer. With no supportive pleadings, Generali was prohibited from presenting any ground of defense. And, because the trial court in this case struck Generali's pleadings with prejudice, Generali could not file an amended answer. The trial court's timing of the default judgment was proper because Tex. R.Civ.P. 239 authorizes a default judgment at any time after a defendant is required to answer.

Generali further contends that the trial court abused its discretion by excluding the opinion evidence and testimony of its witness Tony Langdon. Langdon, an appraiser, prepared a report on the value of Milsap's horses. Despite Milsap's request for production and inspection, Generali failed to provide Milsap with reports of all experts who would testify at trial. The trial court granted Milsap's motion to exclude Langdon's report on the basis of Generali's failure to comply with the discovery request.

■ The reports of experts who will testify at trial are discoverable. Tex.R.Civ.P. 166b(2)(e)(2). Thus, once Milsap served Generali with his request for production, Generali had a duty to comply with the request. Tex.R.Civ.P. 167(1)(d). Generali argues that it provided the requested documents and that Milsap failed to meet his burden of proof that the documents were not provided. Generali did not respond to the request within the required time and it is disputed whether Generali responded at all. Tex.R.Civ.P. 215(5) provides that a party who fails to respond to a request for discovery shall not be entitled to present evidence or to offer the testimony of an expert witness or of any other person having knowledge of the discoverable matter, unless the trial court finds that good cause exists to require admission. The sanction is automatic. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986). The determination of good cause is within the discretion of the trial court and can be set aside only if such discretion is abused. *Id.*, at 298.

Generali had the burden of showing good cause that Langdon's report should be included. *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.*, 701 S.W. 2d 243 (Tex.1985). As is apparent, the trial court failed to find that Generali showed good cause for not revealing Langdon's report.

318

Generali claims that the evidence is insufficient to support the jury's award of $75,000.00 for actual damages for breach of the duty of good faith and $110,000.00 in exemplary damages, and that the trial court erred in entering a judgment awarding exemplary damages without a supportable finding of actual damages. In reviewing the sufficiency of the evidence, we consider and weigh all of the evidence in the light most favorable to the findings. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Milsap testified that he owed money on the horses and that if Generali had paid under the policy, he would have been able to stay in the horse business because he could have paid off the notes and bought more horses. Milsap testified that after the loss of his horses and Generali's failure to pay his claim, the equipment he purchased for use in his horse business was repossessed. Consequently, his credit was damaged, and anxiety over his inability to borrow money caused him to lose sleep. Milsap also testified that if he had been able to maintain his position in the horse business, the value of his business at the time of trial would have been $250,-000.00 to $300,000.00.

The credibility of witnesses and the weight to be given their testimony are questions for the jury, especially with regard to the testimony of witnesses interested in the outcome of the litigation. *Rodriguez v. Kvasnicka*, 710 S.W.2d 724 (Tex. App.—Corpus Christi 1986, writ ref'd n.r. e.). Taken as true, Milsap's testimony established injury and damages suffered by him as a result of Generali's failure to exercise good faith.

Generali also claims that the damages are excessive. In determining whether damages are excessive, we employ the same test as for any factual insufficiency question. *Pope v. Moore*, 711 S.W.2d 622 (Tex.1986). The amount of damages should not be disturbed unless the record clearly shows that the award was based upon passion, prejudice or improper motive. *K-Mart Apparel Fashions Corp. v. Ramsey*, 695 S.W.2d 243 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Generali makes no such showing.

After the submission of this case, certain correspondence was directed to the attention of this Court. It concerned matters which, if proved, would tend to show that the judgment was fraudulently obtained as a result of a concerted effort of several individuals. Our review of the law and applicable facts is limited to the record before us and we have not considered the allegations of misconduct by any party to this suit presented to us by the correspondence received after oral argument and the submission of this case. Our decision does not prevent any aggrieved party from asserting a complaint, seeking relief by bill of review proceedings, or taking other appropriate action.

The judgment of the trial court is affirmed.