**Gary McCONNELL, Appellant,**

v.

**MEMORIAL CONSTRUCTION COMPANY, Appellee.**

No. 01–90–00597–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 15, 1991.

Rehearing Denied Oct. 7, 1991.

Gary McConnell, pro se.

Bert McDaniel, Houston, for appellee.

Before DUGGAN, O'CONNOR and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a judgment entered after the trial court struck the defendant's pleadings for his failure to either file a joint docket control order, or appear at an ordered status conference. We affirm.

■ In point of error one, appellant asserts the trial court (1) abused its discretion in striking appellant's answer, and (2) erred in entering a default judgment in favor of appellee. Appellant first argues that the striking of a defendant's answer for failure to file a report or attend a conference is not authorized by the Rules of Civil Procedure. The Texas Supreme Court has ruled directly against appellant's position in *Koslow's v. Mackie*, 796 S.W.2d 700 (Tex.1990), where the court stated:

> The Mackies argue that as a matter of law striking pleadings and rendering default judgment are unjust, unfair and inappropriate sanctions for disobeying a pretrial order. We reject this argument.
>
> . . . .
>
> We hold that striking pleadings and rendering default judgment were sanctions available to the trial court for the failure to engage in an attorney or party conference and failure to submit a joint pretrial status report, as ordered by the court.

796 S.W.2d at 703–704.

■ Appellant next argues the trial court's action was so severe and unjustified under the circumstances as to be an abuse of discretion, even if authority for such action can be found.

Imposing an available sanction is left to the sound discretion of the trial court. An appellate court will set aside the decision only on a showing of a clear abuse of discretion. *Koslow's*, 796 S.W.2d at 704.

The circumstances surrounding the trial court's actions are as follows:

On November 28, 1988, appellee filed this suit on a promissory note to collect a liquidated debt.[1] Appellant's answer contained a general denial, with no plea of payment, no denial of execution of the note, no affirmative defense whatsoever.

On June 12, 1989, the trial court signed an order partially granting the third motion for summary judgment filed by appellee; the order granted appellee judgment for the original principal amount of the note, plus interest, and reserved the issue of attorney's fees for determination at a later hearing.

On July 24, 1989, appellant filed a motion for new trial, which motion was never set for hearing or ruled on. In January 1990, the trial court directed both parties to furnish a joint docket control order by January 22, 1990, or to appear at a status conference, by phone or in person, on January 26. Appellee filed a docket control order on his own; according to appellee's January 17 transmittal letter to the trial court, appellee was not submitting a *joint* docket control order because he had been unable to contact appellant, although he had called appellant's office and left his phone number. The transmittal shows appellant was sent a copy of the letter and appellee's proposed docket control order. On January 26, appellant failed to appear at the status conference, by phone or in person. On February 27, appellee filed a motion to strike appellant's pleadings, which motion was granted by order signed February 27; the order strikes appellant's "answers or other appearances ... without prejudice," and states "a hearing on attorneys fees and entry of final judgment will be set for a later date."

On March 6, 1990, appellee filed a motion to enter judgment, with a certificate of service on appellant. According to appellee's brief, it "set the matter for March 12, 1990 at 8:00 a.m." Appellant does not complain about lack of notice. Appellant failed

---

1. The full original principal amount of the note was claimed to be due, plus interest. Even the attorney's fees are liquidated. The note pro-

vides for a set "15% additional on the principal and interest" as attorney's fees.

to file a response or otherwise appear, and the trial court signed the judgment on March 12, 1990 for principal, interest, and 15% attorney's fees.

Viewing the record from the trial court's perspective on January 26, 1990 (the date the trial court granted the motion to strike), and March 12, 1990 (the date of the judgment), we conclude the trial court did not abuse its discretion, and did not err in entering judgment.[2] Appellant had specific notice that his pleadings would be struck if he didn't file a joint docket control order or appear at the status conference; appellant was on notice that he could "appear" by telephone for the status conference, but he failed to appear either by phone or in person. One month after the status conference, appellant still had not submitted a reply to appellee's proposed docket control order; the trial court then struck appellant's pleadings. Appellant's pleadings, including his answer and response to an earlier motion for summary judgment, showed appellant was not asserting any defense to plaintiff's claims for principal and interest under the promissory note; it appears the best he could hope for was delay.

When appellee filed a motion to enter judgment, appellant did not file a response or otherwise appear in opposition. All elements of appellee's damages were liquidated, and therefore, because appellant's pleadings had been struck, the trial court was authorized to enter judgment without hearing evidence.[3] *STRA, Inc. v. Seafirst Commercial Corp.*, 727 S.W.2d 591, 593 (Tex.App.—Houston [1st Dist.] 1987, no writ); TEX.R.CIV.P. 241.

We overrule appellant's point of error one. In light of our conclusion that the default judgment was proper, it is not necessary to address appellant's point of error two asserting the trial court erred in earlier granting the partial summary judgment for appellee.

We affirm the judgment.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

I dissent. The primary issue before this Court is whether a trial court may strike a defendant's pleading without first imposing lesser sanctions. The trial court struck the pleadings of Gary McConnell, the defendant, for failure to respond to a docket control order. I believe we should reverse.

In 1987, Gary McConnell, the defendant, a lawyer, executed a 90–day unsecured note for $9,000, payable to Memorial Construction Company, the plaintiff. In 1988, the plaintiff brought suit against the defendant, alleging that the note was past due and unpaid, and sought recovery of the unpaid principal, interest, attorney's fees, and costs. The defendant answered by general denial.

By letter, the trial court directed both counsel to furnish a joint docket control order by January 22, 1990 or appear at a "status conference" on January 26. Here are relevant excerpts from that letter:

> If a joint docket control order has not been filed by January 22, 1990, a status conference will be held on January 26, 1990 at 1:00 p.m. in the 11th District Court. You may request a telephone

---

2. We note that certain issues are *not* presented in this case. Appellant does not complain the trial court erred in overruling appellant's motion for new trial; therefore, we do not have before us the question of whether the trial court should have granted a new trial if appellant showed his failure to appear was not intentional or the result of conscious indifference.

   Further, appellant does not complain he did not receive notice of the January 22, 1990 deadline to file the joint docket control order, or of the setting of the January 26, 1990 status conference. He does not complain he did not receive notice that "Failure to file the joint docket control order or appear will result in dismissal for want of prosecution or plead-

ings being struck." He does not complain he did not receive notice of the trial court's order striking pleadings, nor that he did not receive appellee's motion to enter judgment. This is not a *lack of notice* case.

   Further, appellant, an attorney, represented himself in the trial court; therefore, we are *not* concerned with whether an innocent client is being penalized for inaction by counsel.

3. Additionally, affidavits proving up the debt were in the trial court's file in connection with previously filed motions for summary judgment.

conference in accordance with the enclosed notice.

If a joint docket control order is not filed by 01–26–90, you must appear at the conference on 01–26–90 either by phone or in person. Failure to file the joint docket control order or appear will result in dismissal for want of prosecution or pleadings being striken.

On January 17, the plaintiff filed a docket control order with the trial court and sent a copy, by certified mail, to the defendant. In a cover letter, the plaintiff explained it had not been able to reach the defendant. The defendant did not file anything and did not appear for the status conference as ordered by the court.

On February 27, the trial court signed an order striking the defendant's pleadings, noting that defendant did not appear at the January 26 hearing. On March 5, the plaintiff filed a motion for entry of judgment and on March 12, the trial court signed a final judgment in favor of the plaintiff.

In point of error one, the defendant alleges that the trial court erred in striking his pleadings and entering a default judgment in favor of the plaintiff. The defendant asserts the failure to comply with the court's letter was not intentional or the result of conscious indifference. The defendant explained that he relied on the docket control order submitted by the plaintiff and understood it would be entered by the Court.

The majority says that the supreme court's opinion in *Koslow's v. Mackie*, 796 S.W.2d 700 (Tex.1990), ruled directly against defendant's position. I disagree that we should look to *Koslow* to resolve the issue in this case. Instead, we should apply the new sanctions procedure announced by the supreme court in *Transamerica Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917–918 (Tex.1991), and *Braden v. Downey*, 811 S.W.2d 922, 929–930 (Tex.1991). From reading these two cases, the new procedure for imposing sanctions seems to involve three steps.

First, if a party fails to obey a court order or disregards some mandatory rule of procedure, before imposing death penalty sanctions of dismissal (against a plaintiff) or default (against a defendant), the trial court should impose some sanction less severe and oppressive. *Transamerica*, 811 S.W.2d at 917. If the less severe sanction does not secure compliance, the court is then justified in imposing the ultimate sanction. Here, the trial court did not impose a lesser sanction before striking defendant's pleading.

Second, before imposing the death penalty sanctions, the trial court should decide if the party acted in flagrantly bad faith or if the party's lawyer callously disregarded the responsibilities of procedure. *Transamerica*, 811 S.W.2d at 918. Even before *Transamerica*, this Court and others required the trial court to find "bad faith" before imposing the ultimate sanction. *See, e.g., City of Dallas v. Cox*, 793 S.W.2d 701, 724 (Tex.App.—Dallas 1990, no writ); *McRae v. Guinn Flying Services*, 778 S.W.2d 189, 191 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Assicurazioni Generali, SPA v. Milsap*, 760 S.W.2d 314, 317 (Tex.App.—Texarkana 1988, writ denied) (default as sanction).

Third, the trial court should impose the ultimate sanction only when the party so abuses the rules of procedure, that the trial court can presume the party's position lacks merit and it would be unjust to permit the party to present the substance of that position to the court. *Transamerica*, 811 S.W.2d at 918.

Applying *Transamerica* and *Braden*, we should reverse, primarily because the trial court did not attempt to impose a less severe sanction before striking the defendant's answer and rendering default.

A default judgment rendered as a sanction adjudicates the defendant's defenses, not on the merits, but on the manner in which the defendant conducted itself in pretrial matters. *Transamerica*, 811 S.W.2d at 918; *see also Braden*, 811 S.W.2d at 929. The bounds of permissible sanctions are limited by the rules and by constitutional

due process. *Transamerica*, 811 S.W.2d at 917.