Jack Hargrove ROBERTS and
Katherine Roberts,
Appellants,

v.

GOLDEN CREST WATERS, INC. and
Roland Rene Rosales, Appellees.

No. 13–97–831–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 26, 1999.

Dexter M. Patterson, The Woodlands, for appellant.

Frank D. Lanter, Lueders & Boanerges, Houston, for appellee.

Before Chief Justice SEERDEN and Justices YAÑEZ and HILL. [1]

# O P I N I O N

Opinion by Retired Justice JOHN HILL.

Jack Hargrave Roberts and Katherine Roberts appeal from the dismissal with prejudice of their negligence claim against Golden Crest Waters, Inc. and Roland Rene Rosales, a dismissal based upon their failure to file a pretrial statement as ordered by the trial court. The Roberts contend in a single point of error that the trial court committed reversible error in issuing death-penalty sanctions for the failure to file the pretrial statement. We reverse the judgment and remand this cause for trial because the trial court abused its discretion by not permitting the Roberts to call any witnesses and then dismissing their cause with prejudice when they were not ready for trial.

The trial court in this case ordered the parties to file, by March 17, 1997, a pretrial statement that was to include, among other things, a list of witnesses whom they expected would testify at trial. The court had previously issued a scheduling order that also called, among other things, for a list of witnesses to be filed. As of May 20, 1997, when the trial convened, the Roberts had neither filed a pretrial statement as ordered, nor a list of witnesses.

Golden Crest sought and obtained an order that the Roberts could not introduce any witnesses at trial. When the Roberts subsequently announced that they were no longer ready for trial and Golden Crest announced ready for trial, the trial court dismissed the cause with prejudice pursuant to Rule 215 of the Texas Rules of Civil Procedure. Counsel for the Roberts never expressed a reason for the failure to file the required statement.

The Roberts urge in their sole point of error that the trial court erred in issuing death-penalty sanctions for their counsel's failure to file a pre-trial statement. A trial court has the authority to impose sanctions for the failure to comply with a pretrial order. *See Perez v. Murff,* 972 S.W.2d 78, 81 (Tex.App.—Texarkana 1998, writ denied). A death-penalty sanction is any sanction that adjudicates a claim and precludes the presentation of the merits of the case. *Id.* The trial court's exclusion of the Roberts' witnesses precluded them from presenting their case. Consequently, the sanction may be characterized as a death-penalty sanction. *Id.*

We are required to review the trial court's actions in light of the standards set out in *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913 (Tex.1991). In that case the Texas Supreme Court stated:

In our view, whether an imposition of sanctions is just is measured by two standards. First, a direct relationship must exist between the offensive conduct and the sanction imposed. This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. It also means that the sanction should be visited upon the offender. The trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or the party only, or to both. This we recognize will not be an easy matter in many instances. On the one hand, a lawyer cannot shield his client from sanctions; a party must bear some re-

---

1. Retired Justice John Hill assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988)

sponsibility for its counsel's discovery abuses when it is or should be aware of counsel's conduct and the violation of discovery rules. On the other hand, a party should not be punished for counsel's conduct in which it is not implicated apart from having entrusted to counsel its legal representation. The point is, the sanctions the trial court imposes must relate directly to the abuse found. Second, just sanctions must not be excessive. The punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance. *TransAmerican Natural Gas Corp.*, 811 S.W.2d at 917.

■ The facts considered by the court in *Perez*, a case in which the plaintiff's witnesses were excluded, are very similar to the present case. In that case, as in this, there is no indication that the actual party had any knowledge of or role in the failure to timely designate witnesses. *Perez*, 972 S.W.2d at 82. The court noted, with respect to the first *TransAmerican* standard, that although striking the witnesses seems to relate directly to the failure to designate the witnesses, such sanctions most severely affect the parties, not the attorney. *Id.* The court in *Perez* also noted that the opposing party suffered no great prejudice where the opposing party had either itself designated the witness or had deposed the witness. *Id.* at 82–83. In this case counsel for plaintiff indicated that it would call no witnesses who were not listed by the appellees.

With respect to the second inquiry under *TransAmerican*, the court in *Perez* noted that the trial judge did not consider any lesser sanctions until the motion for new trial. *Id.* at 83. There is no indication that the trial court in this case ever considered lesser sanctions. In *Perez*, trial counsel did not ask for a continuance or

extension of the deadline to designate witnesses. *Id.* In this case counsel offered no good excuse for failing to file the appropriate designation, but did request, although somewhat indirectly, a mistrial and a resetting. However, like the court in *Perez*, we fail to find the type of flagrant bad faith or callous disregard by counsel as to wholly preclude a trial on the merits, and we find nothing in the record to indicate that some lesser sanction would not have compelled the Roberts' counsel to comply with the pretrial order. *Id.* Having considered the sanction imposed in light of the *TransAmerican* standard, we find that the trial court abused its discretion in striking all of the Roberts' witnesses. *See Id.*

■ The appellees, in urging that the trial court did not abuse its discretion by excluding the Roberts' witnesses, rely on numerous authorities, most of which are Supreme Court or Court of Appeals decisions that predate *TransAmerican*. We therefore do not consider those cases to be determinative. The primary post-*TransAmerican* case relied upon by the appellees is *McConnell v. Memorial Construction Company*, 821 S.W.2d 166 (Tex. App.—Houston [1st Dist.] 1991, writ denied). In *McConnell*, a case decided within two months following *TransAmerican*, the court upheld a trial court's striking an appellant's pleadings and entering a default judgment, without any discussion of *TransAmerican*, even in the face of a dissent that relied upon it. *See id.* The appellees note that the Supreme Court denied the writ. We note that the Supreme Court also denied writ in *Perez*, the case upon which we primarily rely, and that it did so more recently than it did in *McConnell*. In any event, the Supreme Court is to deny a petition for review if it is "not satisfied that the opinion of the court of appeals has correctly declared the law in all respects, but determines that the petition [for review] presents no error that requires reversal or that is of such importance to the jurisprudence of the state as

to require correction." *See* TEX. R. APP. P. 56.1(b)(1). Therefore, the denial of a petition for review by the Texas Supreme Court does not constitute a ruling on the merits of the case. We believe that the dissent in *McConnell* reached the correct result by taking *TransAmerican* into account. We therefore respectfully decline to follow the majority opinion in *McConnell.* We sustain the Roberts' sole point of error.

The judgment is reversed and this cause remanded for trial.