Clinton MANGES

v.

CRYSTAL INVESTMENTS, INC., d/b/a
Crystal Well Services.

No. 8355.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 13, 1979.

Rehearing Denied Jan. 10, 1980.

Max J. Luther, III, Corpus Christi, for appellant.

Morris M. Reese, Jr., Laredo, for appellee.

DIES, Chief Justice.

On January 20, 1977, Crystal Investments, Inc., as plaintiff below, filed suit on a sworn account against Clinton Manges, defendant below, for goods and services furnished defendant for the drilling of various well sites.

On March 4, 1977, defendant filed a general denial. On June 9, 1978, plaintiff amended its verified petition. On October 3, 1978, defendant filed a supplemental answer, the date of the judgment granted in this cause. The court "struck" the supplemental answer. Then, after a jury trial, the court entered judgment for plaintiff from which defendant brings this appeal.

Appellant contends the trial court erred in striking his supplemental pleading and not allowing him to put on evidence "in diminution of value of the appellee's suit."

Tex.R.Civ.P. 185 provides:

"When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and awful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; provided, that when such counter-affidavit shall be filed on the day of the trial the party asserting such verified claim shall have the right to postpone such cause for a reasonable time. When the opposite party fails to file such affi-

davit, he shall not be permitted to deny the claim, or any item therein, as the case may be."

Tex.R.Civ.P. 93(k) requires:

"That an account which is the foundation of the plaintiff's action, and supported by the affidavit, is not just; and, in such case, the answer shall state that each and every item is not just or true, or that some specified item or items are not just and true."

The supplemental answer in the instant case is signed by one "Morris E. Ashby" who does not otherwise appear as witness or attorney in our record.

He made the following denial:

"Your Defendant denies that he owed the Plaintiff the sums sued upon in his petition, or any part thereof, and that the said amount is not just and true in whole or in part, and the Defendant demands strict proof thereof, and of this plea, places himself upon his Country."

The affidavit of defendant's "agent" follows:

". . . before me, the undersigned authority, on this day personally appeared Morris Ashby, and states on oath that he is the agent of the Defendant Clinton Manges in the above entitled and numbered cause, and is duly qualified and authorized to make this Affidavit, and that the account, claim and cause of action in favor of . . . Plaintiff herein, against the Defendant Manges is not within the knowledge of Affiant just and true, and that it is NOT due and that all just and lawful offsets, payments, and credits have NOT been allowed, and that each and every allegation and statement of fact contained in the above and foregoing pleading is true and correct."

The "supplemental answer" of Manges does seem to us to meet the requirements of the recent case of *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860 (Tex.1979). And while it seems somewhat unfair to allow a defendant to verify his answer on the date the case is called for trial (in this case almost two years after filing of the lawsuit), Tex.R.Civ.P. 185 set

out above clearly permits this, providing for a postponement for plaintiff if needed.

Appellant's point is sustained, and this cause is remanded to the trial court for a new trial.

REVERSED and REMANDED.