CRYSTAL INVESTMENTS d/b/a Crystal Well Services, Petitioner,

v.

Clinton MANGES, Respondent.

No. B–9188.

Supreme Court of Texas.

March 26, 1980.

Rehearing Denied April 23, 1980.

Fansler, Reese, Palacios & Alavrado, Morris M. Reese, Jr., Laredo, for petitioner.

Max J. Luther, III, Corpus Christi, for respondent.

PER CURIAM.

This is an appeal of a suit on a sworn account. The plaintiff, Crystal Investments, sued the defendant Manges, to recover for goods and services which were furnished in the drilling of certain gas wells. The defendant filed a general denial and later filed a supplemental answer which attempted to deny the sworn account in compliance with Rule 185 Tex.R.Civ.Pro. The supplemental answer stated the following:

Your Defendant denies that he owed the Plaintiff the sums sued upon in his petition, or any part thereof, and that the said amount is not just and true in whole or in part, and the Defendant demands strict proof thereof, and of this plea, places himself upon his Country.

The plaintiff objected, and the trial court struck the supplemental answer for noncompliance with Rule 185. The defendant was not permitted to introduce evidence showing that a lesser amount was owed on the account, and the trial court entered a judgment in favor of the plaintiff. The Beaumont Court of Civil Appeals reversed the judgment and remanded the cause holding that the supplemental answer had met the requirements of Rule 185 and citing *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860 (Tex.1979). *Manges v. Crystal Investments*, 595 S.W.2d 872.

The requirements of a sworn denial under Rule 185 are as follows:

. . . the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true . . . . .

We hold that the supplemental answer filed by the defendant did not meet the requirements of Rule 185 and that the court of civil appeals' opinion is contrary to this rule. The supplemental answer does not contain language denying the validity of the claims for all items, or denying the validity of some identified item or items contained in the sworn account. To allege that an "*amount* is not just and true in whole or in part," raises only a general denial, and satisfies neither the pleading requirements of Rule 185 nor the purpose for the rule. *See, Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860 (Tex.1979). *See also*, Rule 93(k) Tex.R.Civ. Pro.

Accordingly, the application for writ of error is granted, and without hearing oral argument, we reverse the judgment of the

court of civil appeals and affirm the trial court's judgment in favor of the plaintiff. Tex.R.Civ.Pro. 483.