**Clarence S. GIPSON, Appellant,**

v.

**SOUTHWEST OIL COMPANY OF SAN ANTONIO, INC., Appellee.**

**No. 1359.**

Court of Civil Appeals of Texas, Tyler.

July 24, 1980.

Arnold L. Levey, Levey & Goldstein, San Antonio, for appellant.

Paul B. Keller, San Antonio, for appellee.

SUMMERS, Chief Justice.

This is a suit upon a sworn account. Southwest Oil Company of San Antonio, Inc. (Southwest Oil or appellee), sued Clarence S. Gipson, individually and d/b/a "Gipsons Arco, Gibsons S/S and Gipsons" (Gipson or appellant), seeking to recover the amount of the account plus attorney's fees. The petition filed herein by appellee contains an affidavit that meets the requirements of Rule 185.[1] Gipson's answer, in response, states as follows:

### I.

Subject to the following affirmative defenses, Defendant denies every allegation in Plaintiff's original petition. *Such allegations are not true, either in whole or in part*, and Defendant demands strict proof thereof.

### II.

Now comes Defendant and shows the Court *that each and every item in Plaintiff's petition which is the foundation of Plaintiff's action and appended to Plaintiff's original petition as Exhibit A is not just and true.* And of this he prays judgment that Plaintiff take nothing by its suit and that Defendant go hence with his costs without date [sic].

### III.

Defendant affirmatively states that the premises located at 6607 Farm Market Road 1346 in Bexar County, Texas were leased to Mr. Billy Dilworth and Mr. Willie E. Gipson in July, 1975. Defendant further states that Plaintiff, Southwest Oil Company, Inc., had specific knowledge of such lease on or about the date of its execution and thereafter commenced to direct its deliveries and requests for payment to Mr. Billy Dilworth and Mr. Willie E. Gipson. Defendant affirmatively states that Plaintiff was estopped from making demand on Defendant, Clarence S. Gipson, due to said Plaintiff's knowledge that Defendant no longer operated the said Gipson's Arco and that said premises were operated by Mr. Billy Dilworth and Mr. Willie E. Gipson. In conjunction therewith Defendant affirmatively states that Plaintiff, Southwest Oil Company, Inc., received partial payment on the stated account from Mr. Billy Dilworth and Mr. Willie E. Gipson and that said Defendant, Clarence S. Gipson, never made any payments on the account as stated in paragraph VI of Plaintiff's original petition.

### IV.

Pleading in the alternative and without waiving any of the foregoing assertions Defendant states that those amounts

---

**1.** All references to Rules are to Texas Rules of Civil Procedure.

claimed to be due and owing prior to August 2, 1975 are barred by limitations.

## V.

Pleading further and without waiving any of the foregoing assertions Defendant states that Mr. Billy Dilworth and Mr. Willie E. Gipson are necessary parties defendant to the instant action.

## VI.

*Pleading further Defendant affirmatively states that the attorney's fees contained in Plaintiff's original petition in the amount of $1,500.00 are not fair and reasonable.*

## VII.

Pleading further and without waiving any of the foregoing assertions Defendant states that Plaintiff failed to state the names of Mr. Billy Dilworth and Mr. Willie E. Gipson as persons subject to service of process who, if not named as parties defendant in the instant suit, would leave Defendant Clarence S. Gipson subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest of the Plaintiff Southwest Oil Company. (Emphasis added.)

This answer was supported by the affidavit of Mr. Gipson in which he stated:

I have read the foregoing Defendant's Original Answer and affirm that the contents thereof are true and correct.

Gipson's attorney was permitted to withdraw as appellant's counsel of record on October 9, 1978. On the next day appellee Southwest Oil had the case set for nonjury trial on November 1, 1978. At trial time appellee Southwest Oil appeared by attorney and announced ready; appellant Gipson did not appear either in person or by counsel; no evidence was introduced (as shown by the trial judge's statement on file); and, according to the affidavit of a disinterested attorney, the trial court instructed appellee's counsel to "bring in your order." On the same day the trial judge rendered judgment that Southwest Oil recover from appellant Gipson the sum of $15,187.30 on the account and attorney's fees in the amount of $1,500.00. From this adverse judgment, appellee Gipson timely filed a petition for writ of error to appeal to this court.

We reverse and remand.

In his petition for writ of error Gipson alleges that he did not know the case was set for trial and did not receive notice of such setting; that the judgment herein was rendered against him without the introduction of evidence and with no legal basis; and that he has a meritorious defense.

Appellant made demand on the court reporter for a statement of facts in connection with this appeal, but the reporter made affidavit that he could not furnish one because he had "no record of any evidence having been introduced in this cause."

In appellant Gipson's first point of error he contends that the judgment should be reversed because he has been deprived of a statement of facts for appellate review. We sustain this point of error.

Appellant Gipson has the right to appeal by writ of error because he was not present at the trial and was not represented at the trial by counsel. *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097–98 (1941); Tex.Rev.Civ.Stat.Ann. arts. 2249, 2249a and 2255.

Appellee Southwest Oil concedes in its brief that no "record" of testimony and evidence was made that could be transcribed by a court reporter but contends that Gipson has not exercised due diligence to obtain a statement of facts pursuant to Rule 377. Appellee further contends that Gipson's verified answer does not satisfy the requirements of Rule 185 and that therefore its sworn account is prima facie evidence of the debt. We disagree.

Rule 185 is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery. *Meaders v. Biskamp*, 159 Tex. 79, 316 S.W.2d 75, 78 (1958). In the absence of a sworn denial

meeting the requirements of the rule, the account is received as prima facie evidence as against a defendant sued thereon, and the defendant may not dispute the receipt of the items sold or the corrections of the stated charges although he may defend on other grounds. 2 R. McDonald, Texas Civil Practice, sec. 7.31 (rev. 1970).

■ It is settled, however, that a defendant's verified denial of the correctness of a plaintiff's sworn account in the form required by Rule 185 destroys the evidentiary effect of the itemized account and forces the plaintiff to put on proof of his claim. *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860, 862 (Tex.1979); *J. E. Earnest & Co. v. Word*, 137 Tex. 16, 152 S.W.2d 325, 326 (1941); *Cal–Tex Beef Processors, Inc. v. Frozen Food Exp.*, 530 S.W.2d 143, 145 (Tex.Civ.App.–Waco 1975, writ ref'd n. r. e.).

■ Appellee states in its brief that this case turns on whether or not appellant's answer satisfies the requirements of Rule 185. We conclude that Gipson's verified answer to appellee's petition stating that "such allegations are not true, either in whole or in part," and that "each and every item in Plaintiff's petition which is the foundation of Plaintiff's action and appended to Plaintiff's original petition as Exhibit A is not just and true," constitutes a denial of the whole account within the purview of Rule 185 and therefore requires that appellee Southwest Oil put on proof of his claim on the account. *Rizk v. Financial Guardian Insurance Agency, Inc.*, supra at 863. Furthermore, there is no proof whatsoever in the record to support the award of $1,500.00 as reasonable attorney's fees pursuant to art. 2226, Tex.Rev.Civ.Stat.Ann. (1977), which was in effect at the time this case was tried.

■ It is well settled that if an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence, a new trial may be required in order to preserve his right to appellate review. *Rogers v. Rogers*, 561 S.W.2d 172, 173–4 (Tex.1978); *Smith v. Smith*, 544 S.W.2d 121, 123 (Tex.1976); *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex.1972); *Texas Crushed Stone Co. v. Baker*, 576 S.W.2d 894, 896 (Tex.Civ.App.– Tyler 1979, no writ); *Morgan Express, Inc. v. Elizabeth–Perkins, Inc.*, 525 S.W.2d 312, 314 (Tex.Civ.App.–Dallas 1975, writ ref'd).

■ Where the appealing party, as in the instant case, was not present and was not represented by counsel at trial, and later discovered that no record was made, the lack of a record cannot reasonably be deemed waived. *Morgan Express, Inc. v. Elizabeth Perkins, Inc.*, supra at 314.

■ Diligence in obtaining a statement of facts in a default judgment case does not require the appealing party to exhaust the provisions of Rule 377 and 378. *Rogers v. Rogers*, supra at 173; *Minyard v. Southern Pipe & Supply Co., Inc.*, 563 S.W.2d 332, 334 (Tex.Civ.App.–Dallas 1978, no writ). In this connection the court in *Rogers* said:

> An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a Statement of Facts.

In *Muldoon v. Musgrave*, 545 S.W.2d 539, 542 (Tex.Civ.App.–Fort Worth 1976, no writ), the court held, as contended by appellant in the case at bar, "that a party who has appeared in the trial court by filing responsive pleadings, but does not appear in person or by counsel at the time of the trial of the merits, is entitled to have the judgment reversed merely by showing that he has been deprived of a statement of facts when the appeal is by petition for writ of error."

Furthermore, the Supreme Court of Texas in *McEwen v. Harrison*, 164 Tex. 125, 345 S.W.2d 706, 710–11 (1961), reaffirmed in *Smith v. Smith*, supra at 123, held that a party appealing to the Court of Civil Appeals by writ of error within six months of final judgment may obtain relief if the invalidity of the judgment is disclosed by the papers on file in the case.

We conclude that appellant Gipson has established his right to a retrial of this case because of his inability to procure a statement of facts; that the invalidity of the judgment from which Mr. Gipson appealed by writ of error is disclosed by the papers on file in the case; and that his right to proper appellate review, due to no fault on his part, can be preserved only by a new trial.

The judgment is reversed, and the cause is remanded to the trial court for a new trial.