**STEVENS FOODS, INC., Appellant,**

v.

**LOGGINS MEAT COMPANY, Appellee.**

**No. 1551.**

Court of Appeals of Texas, Tyler.

Jan. 6, 1983.

Jerry Prager, Hoppenstein & Prager, Dallas, for appellant.

J.W. Tyner, Tyner & Tyner, Tyler, for appellee.

COLLEY, Justice.

This is a suit on a sworn account brought by Stevens Foods, Inc. against Loggins Meat Company, pursuant to Rule 185, Tex. R.Civ.P. Plaintiff Stevens Foods, Inc. appeals from a take-nothing judgment rendered in favor of defendant Loggins Meat Company based on the jury's verdict.

Appellant urges three points of error.

First point maintains that the trial court erred in overruling appellant's motion for judgment non obstante veredicto because appellee's answer (First Amended Original Answer) did not constitute a proper sworn denial under the provisions of Rule 185, Tex.R.Civ.P.[1]

The pertinent provisions of such answer are:

1. All references are to Texas Rules of Civil

Now comes Defendant, LOGGINS MEAT COMPANY, and shows the Court that the claim alleged in Plaintiff's petition, which is the foundation of Plaintiff's action, is not just and true in whole, as more particularly shown as follows:

I.

The total amount sued for in Plaintiff's Petition and each and every item in Plaintiff's account is not just and true for the reasons that the products delivered to the Defendant which is the basis of this suit and sued for by the Plaintiff were delivered to the Defendant at the instance and request, for the account of and as an offset and compromise of the claims and monies due to the Defendant by the President of the Plaintiff, STEVENS FOODS, INC.

■ The affidavit accompanying the above allegations was not questioned. We have carefully studied the sworn denial contained in appellee's sworn denial above quoted, and find that the language used therein is in substantial compliance with the requirements of Rule 185. *Gipson v. Southwest Oil Co. of San Antonio,* 604 S.W.2d 396 (Tex.Civ.App.—Tyler 1980, no writ). We have reviewed the authorities cited on this point by appellant, including *Edinburg Meat Products Co. v. Vernon Co.,* 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ) and *Oliver Bass Lumber Co., Inc. v. Kay & Herring Butane Gas Co., Inc.,* 524 S.W.2d 600 (Tex.Civ.App.—Tyler 1975, no writ) decided by this court.

We refuse to follow *Edinburg, supra,* and by this decision overrule *Oliver Bass Lumber Co., supra,* to the extent that it conflicts with *Gipson, supra.*

■ Rule 185 requires a plaintiff or his agent or attorney to swear that the account sued on "... is within the knowledge of affiant, just *and* true, that it is due, and that all just and lawful offsets, payments and credits have been allowed ...." before the verified account becomes prima facie

Procedure unless otherwise noted.

evidence of the debt or claim. (Emphasis added.) Surely Rule 185 should be construed to mean that if a defendant files his denial, "that each and every item in plaintiff's account is not just and true" and then states, as in this case, that in effect he did not order or contract for the delivery of the goods or merchandise which are the subject matter of the account, he has destroyed the effect of the sworn account and put the plaintiff to proof of same. It seems to us to hold otherwise would be to construe the rule in such a way as to deny the announced objective of the rule set forth in Rule 1 which gives effect to the admonition of the 1940 Advisory Committee's Letter of Transmittal to the Supreme Court, ". . . with the utmost conviction, we assure this court that unless these rules are liberally construed to avoid technicality and delay, the tremendous contribution of time and energy made to them by the lawyers of Texas will have been wasted. . . ." 3 Tex.B.J. 522–524; 4 Tex.B.J. 622; 6 Tex.B.J. 465. For discussion relating to the interpretation of Rule 185 see *Dollie Adams Oil Corp. v. Roberts,* 259 S.W.2d 311 (Tex.Civ.App.—Amarillo 1953, no writ) and Chief Justice Cadena's enlightening discussion in *Hill v. Floating Decks of America, Inc.,* 590 S.W.2d 723 (Tex.Civ.App.—San Antonio 1979, no writ).

We have carefully read and studied *Crystal Investments v. Manges,* 596 S.W.2d 853 (Tex.1980, reh. den.) and have concluded that it is not controlling here because in *Manges, supra,* the sworn denial was "said amount is not just and true in whole or in part."

Therefore we overrule appellant's first point.

In its second point appellant alleges that the trial court erred in submitting Special Issue No. 1 and its accompanying instruction because the instruction constitutes a prejudicial comment on the weight of the evidence. Such issue and instruction read as follows:

Do you find from a preponderance of the evidence that Defendant ordered goods from Plaintiff?

You are instructed that unless you find and believe from a preponderance of the evidence that the goods were not shipped by the Plaintiff solely at the instance and request of Steve Aaron to Plaintiff and accepted by the Defendant solely for the account of or for credit to Steve Aaron then you cannot find that the Defendant ordered goods from the Plaintiff.

The instruction given required the appellant to prove (1) that the appellee "ordered" the meat products from appellant and (2) that Steve Aaron did *not* order the meats as a credit from appellee to Aaron's personal account. The latter issue embodied in the instructions was an inferential rebuttal issue. The instruction was unnecessary and unduly emphasized the defense of appellee on a disputed and contested issue. The instruction was given in language which tracked appellee's pleading and its theory of defense as shown by the testimony of its witnesses. No definition was required to be given the jury of any term used in Special Issue No. 1, and the instruction was therefore unnecessary. And since the instruction tended to indicate the opinion of the trial judge as to the verity of the defense urged, it was prejudicial direct comment on the weight of the facts in dispute. Rule 277; *Metal Structures Corp. v. Plains Textiles, Inc.,* 470 S.W.2d 93 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.).

Therefore appellant's second point is sustained, and in view of the disposition of this appeal on that point, we will not address appellant's remaining point No. 3.

The judgment of the trial court is reversed and the cause is remanded to that court for a new trial.

McKAY, Justice, concurring.

I agree with the result reached in this case, but I do not agree that *Oliver Bass Lumber Co., Inc. v. Kay and Herring Butane Gas Co., Inc., supra,* is in conflict with the opinion of this court here. In *Oliver Bass* the defendant failed to plead in any language that the plaintiff's account was not just and true, and therefore defendant failed to comply with Rule 185.