Pat McNEIL, Appellant,

v.

Charles PIERCE d/b/a Fashion Floors, Appellee.

No. 08–84–00254–CV.

Court of Appeals of Texas, El Paso.

March 6, 1985.

Rehearing Denied April 3, 1985.

Edward T. Garza, Midland, for appellant.

C.H. Hal Brockett, Jr., Brockett, Cunningham & Bates, Midland, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a suit on a sworn account under Rule 185 of the Texas Rules of Civil Procedure. The sole question presented is whether the pleadings of the defendant are sufficient to put plaintiff on proof of his claim. The trial court granted judgment for plaintiff based on the pleadings of the parties. We reverse and remand.

Rule 185, as it existed at the time of trial, provided that where plaintiff's properly verified pleadings seek recovery on an account, the allegation in plaintiff's petition shall be taken as true unless defendant files a "written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true...." Rule 93(k) contained identical language concerning the content of the sworn denial at the time of trial.

The defendant pled "PAT McNEIL denies that each and every item in the accounting attached to Plaintiff's Original Petition is just and true." The problem is that defendant in denying the entire account has used the language set out in the rule for denying some specified item or items. To deny the entire account, the rule says the answer should be "just *or* true." However, we have concluded that the answer of the defendant is sufficient to put plaintiff to proof of his case considering the nature of the rule and the split of authorities on the question of strict adherence to the wording of the rule.

 Rule 185 is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery. *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75, 78 (1958). The defendant's correct denial in the form required by Rule 185 destroys the evidentiary effect of the itemized account and forces the plaintiff to put on proof of his claim. *Rizk v. Financial Guardian Insurance Agency, Inc.,* 584 S.W.2d 860, 862 (Tex.1979). The obvious purpose of the rule is to provide a procedure for accounts to be reduced to judgment summarily in cases where there is no question of their validity. By proper pleading under the rule, the plaintiff can make a prima facie case, and to destroy the probative force of the prima facie case, the defendant must plead a denial of equal force or dignity. See: *Dollie Adams Oil Corporation v. Roberts,* 259 S.W.2d 311 (Tex.Civ.App.—Amarillo 1953, no writ) for a discussion of cases interpreting Rule 185. For an enlightening discussion of language use under Rule 185, see *Hill v. Floating Decks of America, Inc.,* 590 S.W.2d 723 (Tex.Civ. App.—San Antonio 1979, no writ). In the case before us, plaintiff established his prima facie case by pleading that his account was "just and true." The defendant opposed it by a plea that it was not "just and true." We view that as equalizing language that destroys the probative force of plaintiff's pleadings and forces plaintiff to his proof. One says yes and the other says no, using the same language. So, clearly the issue is drawn.

The cases which have interpreted Rule 185 and 93(k) have required strict adherence to the requirements of the rules. *Goodman v. Art Reproductions Corporation,* 502 S.W.2d 592 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). The courts of appeals are divided on whether a strict adherence to the rules requires a verbatim repetition of the language thereof. Plaintiff in this case, both in the trial court and in this court, relies on *Edinburg Meat Products Company v. Vernon Company,* 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ). The defendant there used the same language as our case, and it was held to be insufficient to put the plaintiff to proof of his case. The Tyler court reached the opposite result in *Stevens Foods, Inc. v. Loggins Meat Company,* 644 S.W.2d 908 (Tex.App.—Tyler 1983, no writ), saying specifically that that court refused to fol-

low *Edinburg;* and the court said it also overruled *Oliver Bass Lumber Company v. Kay and Herring Butane Gas Company, Inc.,* 524 S.W.2d 600 (Tex.Civ.App.—Tyler 1975, no writ). The *Oliver Bass Lumber Company* case was one where the court called for a verbatim pleading of the rule and sought to support its holding by analyzing the language of the rule. That holding was criticized also in *Hill v. Floating Decks of America, Inc.,* supra, where the court in an enlightening opinion by Judge Cadena upheld the sufficiency of an answer not following verbatim the language of rules. In the case of *Sigler v. Frost Brothers, Inc.,* 555 S.W.2d 813 (Tex. Civ.App.—El Paso 1977, no writ), this Court reached the same conclusion as the *Edinburg Meat Products* case. Our decision was noted and disapproved in the *Hill v. Floating Decks of America, Inc.* case, and rightly so, we now think. The Tyler Court of Appeals in the case of *Gipson v. Southwest Oil Company of San Antonio, Inc.,* 604 S.W.2d 396 (Tex.Civ.App.—Tyler 1980, no writ), had before it the same language, "that each and every item" was not "just and true" and it was held that that language was sufficient to put the plaintiff to the proof of his case.

Due to the absence of a controlling decision by the Supreme Court of Texas and the split of authority among the courts of appeals, this Court will hold that the pleadings in this case are sufficient to put the plaintiff to his proof.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.

OSBORN, Justice, dissenting.

I respectfully dissent. In *Sigler v. Frost Brothers, Inc.,* 555 S.W.2d 813 (Tex.Civ. App.—El Paso 1977, no writ), this Court was faced with the question of whether or not a strict compliance with Rule 185, Tex. R.Civ.P., is required in order for a defendant to be able to present a defense to a suit on a sworn account. We said: "A denial of the verified account must be in the terminology of the rules and if not, the Defend-

ant will not be permitted to deny the Plaintiff's claim or any item included therein." I see no reason to depart from that decision.

In *Airborne Freight Corporation v. CRB Marketing, Inc.,* 566 S.W.2d 573 (Tex. 1978), the court in a per curiam opinion quoted Rule 185 and then said: "It is settled that if the defendant fails to file a written denial under oath and in the form provided, he will not be permitted to dispute receipt of the items or services or the correctness of the stated charges."

The same results were reached in another per curiam opinion in *Crystal Investments v. Manges,* 596 S.W.2d 853 (Tex. 1980) where the defendant's answer denied "that the said amount is not just and true in whole or in part, * * *." The court said:

We hold that the supplemental answer filed by the defendant did not meet the requirements of Rule 185 and that the court of civil appeals' opinion is contrary to this rule. The supplemental answer does not contain language denying the validity of the claims for all items, or denying the validity of some identified item or items contained in the sworn account. To allege that an "**amount** is not just and true in whole or in part," raises only a general denial, and satisfies neither the pleading requirements of Rule 185 nor the purpose for the rule. See, *Rizk v. Financial Guardian Insurance Agency, Inc.,* 584 S.W.2d 860 (Tex. 1979). *See also,* Rule 93(k) Tex.R.Civ. Pro.

The cases upon which the majority relies from the Courts of Appeals in Tyler and San Antonio are "no writ" cases. They are contrary to Rule 185 as it existed at the time of trial and the holdings of the Texas Supreme Court. *Also see: Brightwell v. Barlow, Gardner, Tucker & Garsek,* 619 S.W.2d 249 (Tex.Civ.App.—Fort Worth 1981, no writ). I would affirm the judgment of the trial court.