Joan LORENTZEN, Appellant,

v.

Don KLIESING, Appellee.

No. C14–90–732–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 23, 1991.

Karen Zellars, Houston, for appellant.

Henry V. Mingarelli, Pearland, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a post-answer default judgment. Appellee sued appellant, seeking to collect approximately $6,000 which he allegedly loaned to appellant. Appellant filed an answer; however, she did not appear when the case was called for trial. Subsequently, the trial court signed a default judgment awarding appellee $6,119.37 in damages and $2,000 in attorney's fees. Appellant filed a motion for new trial which was denied by the court after a hearing. In two points of error, appellant contends the evidence is insufficient to support the default judgment and that the judgment violates her constitutional due process rights under the United States and Texas Constitutions. We reverse and remand.

The record reflects that on February 15, 1990, the county clerk prepared notices to counsel for appellant and appellee that the case had been set on the non-jury trial docket for April 26, 1990. When the case was called for trial, appellant and her counsel did not appear. Although we have no statement of facts from the default judgment hearing, the judgment recites that appellee's evidence supported the granting of the judgment. In her sworn motion for new trial and in testimony at the hearing thereof, appellant's counsel claimed that she did not receive actual or constructive notice of the trial setting in this case. Appellant also testified that she did not receive notice of the trial setting.

In her first point of error, appellant contends the trial court erred in overruling her motion for new trial because there is no evidence or, in the alternative, insufficient evidence to support the judgment. As we noted previously, we have no statement of facts from the hearing on the default judgment in the record before us. Appellant stated in her brief that "[t]here is no transcription of any notes made by a court reporter of the proceedings held at that time." Because appellee has not filed a brief in this case, any statement made by appellant in her brief as to the facts and the record may be accepted as correct. TEX.R.APP.P. 74(f).

In the absence of a statement of facts, the appellate court must presume that the evidence before the trial court was sufficient to support the judgment. *The Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968). However, this presumption does not apply on direct review of a default judgment. *See Maritime Services, Inc. v. Moller Steamship Co., Inc.*, 702 S.W.2d 277, 279 (Tex.App.—Houston [1st Dist.] 1985, no writ); *Hall v. C–F Employees Credit Union*, 536 S.W.2d 266, 268 (Tex. Civ.App.—Texarkana 1976, no writ). When a party is not present or represented at trial, and through no fault of her own is unable to obtain a statement of facts from the court reporter, a new trial may be required in order to preserve the right to appellate review. *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex.1972); *Gipson v. Southwest Oil Company of San Antonio, Inc.*, 604 S.W.2d 396, 399 (Tex.Civ.App.— Tyler 1980, no writ); *see also Hall*, 536 S.W.2d at 268.

When a defendant has filed an answer, the plaintiff is required to prove all aspects of his case even though the defendant fails to appear at trial. *Karl and Kelly Company, Inc. v. McLerran*, 646 S.W.2d 174, 175 (Tex.1983).

We cannot presume that there was sufficient evidence to support the default judgment in this case. The record before us does not indicate what, if any, evidence was presented by appellee. Through no fault of the appellant there is no statement of facts from the default judgment proceedings; therefore, appellant has been deprived of her right to an adequate review

of the evidence supporting the judgment. We sustain appellant's first point of error.

■ In her second point of error, appellant contends the trial court erred in overruling her motion for new trial because she conclusively established that she did not receive notice of the trial setting. A motion for new trial is addressed to the sound discretion of the trial court and the court's ruling will not be set aside on appeal in the absence of a showing of an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778 (Tex.1987). The general rule which trial courts should follow in determining whether to order a new trial and set aside a default judgment is:

[a] default judgment should be set aside and a new trial ordered in any case in which the failure of defendant to answer was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided a motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (Comm'n App.1939, opinion adopted).

This rule also applies to post-answer default judgments. *Cliff*, 724 S.W.2d at 779.

■ When a defendant has no actual or constructive notice of a trial setting and a default judgment is entered against him, he is not required to show that he had a meritorious defense because such a requirement violates his due process rights under the Fourteenth Amendment to the United States Constitution. *Peralta v. Heights Medical Center*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez*, 757 S.W.2d 721 (Tex.1988). Further, in determining whether the granting of a new trial would work an injury to the plaintiff or occasion delay, the court should deal with the facts on a case-by-case basis in order to do equity. *Angelo v. Champion Restaurant Equipment Co.*, 713 S.W.2d 96, 98 (Tex.1986). The courts have held that one way a defendant may show that the granting of a new trial would not injure the plaintiff is by showing that (1) he is ready, willing, and able to proceed to trial and, (2) he has offered to reimburse the plaintiff for expenses incurred in obtaining the default judgment. *Gotcher v. Barnett*, 757 S.W.2d 398, 404 (Tex.App.— Houston [14th Dist.] 1988, no writ). However, those two factors are not the sine qua non of granting the motion. *Angelo*, 713 S.W.2d at 98.

■ The Texas Rules of Civil Procedure provide:

Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.... Nothing herein shall preclude any party from offering proof that the notice or instrument was not received, or, if service was by mail, that it was not received within three days from the date of deposit in a post office of official depository of the United States Postal Service, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just.

Tex.R.Civ.P. 21a. Rule 21a sets up a presumption that notice of trial setting was duly received by the addressee when the notice has been properly addressed and mailed. *Cliff*, 724 S.W.2d at 780. This presumption "has the force of a rule of law." *Id.* However, this presumption may be rebutted by an offer of proof that the notice was not received. *Id.*

■ At the hearing on appellant's motion for new trial, appellee argued that appellant's motion was insufficient because it was not supported by affidavits. As a general rule, when a defendant seeks to set aside a default judgment, the motion for new trial "must be supported by affidavits or other evidence proving prima facie that the defendant has ... a meritorious defense." *Drake v. McGalin*, 626 S.W.2d 786, 787 (Tex.Civ.App.—Beaumont 1981, no writ); *see also Dallas Heating Co., Inc. v. Pardee*, 561 S.W.2d 16, 20 (Tex.Civ.App.— Dallas 1977, writ ref'd n.r.e.).

 However, as we noted previously, appellant testified under oath that she did not receive notice of the trial setting. Appellant's counsel, in a sworn motion for new trial and in live testimony, stated that she did not receive notice of the trial setting. No controverting evidence was presented. We find that appellant sufficiently rebutted the presumption that she received the notice of trial setting. Thus, it was not necessary for appellant to prove a meritorious defense. *Lopez*, 757 S.W.2d at 721.

Further, appellant's motion for new trial and the testimony at the hearing thereof sufficiently negated an intentional act or conscious indifference. Appellant also testified that she is ready, willing and able to proceed to trial and is willing to reimburse appellee for any expenses incurred in obtaining the default judgment. There is no indication in the record before us that appellee would have been injured or that delay would have resulted by granting the motion for new trial.

Because appellant did not receive notice of the trial setting and the *Craddock* requirements have been met, we sustain appellant's second point of error. Therefore, we conclude that the trial court abused its discretion in overruling appellant's motion for new trial. Accordingly, we reverse the judgment of the trial court and remand the case for a new trial.