**Mary Frances MASTERSON, Appellant,**

v.

**Gigi F. COX, Appellee.**

**No. 01–94–00091–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 15, 1994.

Mary Frances Masterson, Houston, for appellant.

John A. Carwile, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and ANDELL and HEDGES, JJ.

**OPINION**

ANDELL, Justice.

The essential question in this appeal is whether a trial court has the authority to enforce its orders by hearing evidence and rendering a post-answer default judgment at a pretrial conference, when the non-appearing defendant has notice of the conference but does not have notice of a hearing on the merits. We hold that the trial court exceeded its authority in taking such action. We reverse and remand to the trial court.

This is an appeal of a post-answer default judgment for $25,000 against appellant, Mary Frances Masterson, and in favor of Gigi Cox, appellee, rendered at a pretrial conference at which Masterson failed to appear. In five points of error, Masterson characterizes the award as an unjust sanction imposed in violation of due process, and she challenges the sufficiency of the evidence to support either

liability or damages. We reverse and remand for new trial.

Cox, a paralegal, sued Masterson, an attorney, for slander and slander per se based upon Masterson's alleged statement to a third person that Cox was a homosexual. Although Masterson filed an answer as attorney pro se, she did not appear at the pretrial conference. The record is clear that Masterson received notice of the pretrial conference.[1] The trial court then struck Masterson's answer and immediately heard the case on the merits.

Cox testified at the pretrial conference that Masterson told another attorney, Robert Yack, that she, Cox, was a homosexual. Cox testified that this was a false and harassing statement. Yack testified by deposition that Masterson had told him that Cox was a homosexual. He further testified that such a statement about Cox could hurt Cox's business or her ability to get another job.

In Masterson's deposition, which was read at the pretrial conference, she never denied telling Yack or anyone else that Cox was a homosexual. When asked if she had any reason to believe Cox was a homosexual, she answered, "I may know some facts that would indicate to other people that she [Cox] is gay, but I wouldn't know what those facts are." She conceded that Cox had never told her that she, Cox, was a homosexual, and that no one else had ever told her that Cox was a homosexual.

After presenting this evidence, Cox rested, and the trial court rendered judgment of $25,000. Masterson filed a motion for new trial, which the trial court denied after a hearing. The trial court filed findings of fact and conclusions of law.

■ The standard of review for a trial court's imposition of sanctions is abuse of discretion. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990). The test for abuse of discretion is whether the trial court acted arbitrarily and without reference to any guiding rules or principles. *Id.; Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

■ In her first point of error, Masterson asserts that the trial court abused its discretion and violated her right to due process by imposing sanctions without notice in the form of a default judgment in a pretrial conference. We agree. Masterson concedes in her brief that she knew of the scheduled pretrial conference and that she had herself requested the docket control order. Masterson also acknowledged that "the trial court has inherent power to sanction the parties before the court and their counsel." She insists, however, that she had no notice that the trial court might hear evidence and dispose of the case on the merits during the pretrial conference.

The trial court has the discretion to order parties and their attorneys to appear at a pretrial conference. TEX.R.CIV.P. 166. Masterson failed to comply with that order. The question is whether the trial court had the authority to hear evidence and render a default judgment against Masterson for this failure to appear. The rule itself does not authorize this action, and we must look to caselaw.

When the trial court rendered the default judgment against Masterson for failing to appear at the pretrial conference, it claimed its authority to do so under *Koslow's v. Mackie,* 796 S.W.2d 700 (Tex.1990), and *McConnell v. Memorial Constr. Co.,* 821 S.W.2d 166 (Tex.App.—Houston [1st Dist.] 1991, writ denied). In addition, the trial court filed a conclusion of law alleging its "authority to hear the evidence immediately," under *Lind v. Gresham,* 672 S.W.2d 20 (Tex. App.—Houston [14th Dist.] 1984, no writ). We will examine each of these cases in turn.

In *Koslow's,* the trial court struck the Mackies' pleadings and rendered a default judgment against them for failure to file a joint status report and for failing to appear and show cause at the subsequent *disposition* hearing. 796 S.W.2d at 701. The Mackies failed to show lack of notice or other circumstances that would have made the ruling unjust. *Id.* at 701. The Supreme Court rejected the Mackies' argument that striking pleadings and rendering a default judgment

---

1. At the outset of the pretrial conference, Cox entered into evidence the docket control order, signed by Masterson, showing the setting for the pretrial conference on that date.

for disobeying a pretrial order was unjust, unfair and inappropriate. *Id.* at 703. Unlike *Koslow's,* however, Masterson had no notice that the pretrial conference was to be a *disposition* hearing. Therefore, *Koslow's* is distinguishable and does not control.

In *McConnell,* the trial court struck McConnell's pleadings and rendered a default judgment against him for failing to file a joint docket control order and failing to appear at an ordered status conference. 821 S.W.2d at 167. We affirmed, holding that the trial court did not abuse its discretion. *Id.* at 168. McConnell, however, had specific notice that the trial court would strike his pleadings if he did not file the joint docket control order or appear at the conference. *Id.* McConnell had the option of doing either, but he did neither. *Id.* at 167. McConnell also failed to appear for a hearing on the appellee's motion to enter judgment. *Id.* at 167–68. On appeal, McConnell did not complain about lack of notice of the motion to enter judgment. *Id.* McConnell had notice of both the following: (1) that his pleadings would be struck; and (2) that judgment would be entered. Therefore, *McConnell,* like *Koslow's,* is distinguishable from the present case and does not control.

In *Lind,* Lind had filed a general denial, but failed to appear for depositions. 672 S.W.2d at 21. The trial court then granted Gresham's motion to compel, and Lind failed to comply with the trial court's order. Six months after this act of noncompliance, the trial court granted Gresham's motion for sanctions and struck Lind's answer, heard evidence on damages, and rendered default judgment for Gresham for actual and punitive damages and attorney's fees. *Id.* Lind argued on appeal that the trial court should have set a separate hearing on damages after granting sanctions. The appellate court disagreed with that argument and affirmed, stating: "While we agree that appellants [Lind and others] in the case before us were entitled to notice of all hearings which were set, we find no authority supporting the proposition that following the grant of a default judgment, a court is obligated to set a separate hearing on damages." *Id.* at 22.

Masterson contends that *Lind* does not give the trial court its claimed authority to hear evidence at a pretrial conference without notice of such a possibility. We agree. The same court that decided *Lind* addressed a comparable situation seven years later in *Lorentzen v. Kliesing,* 810 S.W.2d 16 (Tex. App.—Houston [14th Dist.] 1991, no writ), where it reversed a post-answer default judgment without even citing *Lind. Lorentzen* and *Lind* are in conflict, and we consider *Lorentzen* to show the proper application of the law for cases such as these. Lorentzen's counsel presented uncontroverted evidence that she had not received notice of the trial setting. *Id.* at 20. Lorentzen's no notice claim was taken as true, and the court sustained her due process argument and reversed. *Id. Lorentzen* supports Masterson's argument that it is a violation of due process to go to trial without providing the answering defendant with notice of the trial setting. 810 S.W.2d at 19; *see Peralta v. Heights Medical Center,* 485 U.S. 80, 86, 108 S.Ct. 896, 900, 99 L.Ed.2d 75 (1988) (eliminating the meritorious defense requirement for bill of review petitioner who received no notice of underlying suit); *see also Lopez v. Lopez,* 757 S.W.2d 721 (Tex.1988) (observing that *Peralta* obviates the meritorious defense requirement of *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939), for defendants who seek a new trial after entry of default judgment without notice of trial setting).

◼ In Masterson's case, the pretrial conference, of which she admittedly had notice, *was converted into a trial without notice.* Masterson alleged in her first amended verified motion for new trial that she had no notice that the trial court might dispose of her case on the merits in her absence during that conference. Cox's response contained no evidence to controvert Masterson's sworn statement that she had no notice of a possible disposition on the merits. Cox essentially argues that Masterson's notice of the pretrial conference constitutes notice *as a matter of law* that the case could be decided on the merits *at that conference.* This argument, however, relies upon the trial court's claimed authority under *Koslow's, McConnell,* and *Lind.* We disagree that those

cases provide such authority to the trial court. Hence, Cox's *notice as a matter of law* argument must fail.

Neither *Koslow's,* nor *McConnell,* nor *Lind,* the three cases upon which the trial court relied for its action, involves a comparable situation. Rule 166, pertaining to pretrial conferences, does not address such a situation nor authorize such action.[2] We have found no rule or caselaw that authorizes the trial court to hear evidence of both liability and unliquidated damages in a pretrial conference and to dispose of a case on the merits as a sanction against a defendant who has answered but failed to appear. We know of no authority by which the trial court may turn a pretrial conference into a disposition hearing in the absence of a defendant who has answered, without having provided the absent defendant with notice of that possibility. We can only conclude that the trial court's action was arbitrary and without reference to guiding rules or principles, and was an abuse of discretion. We hold that the trial court violated Masterson's right to due process when it proceeded to dispose of the case on the merits without notice to Masterson of that possibility.

We sustain Masterson's first point of error. Because we dispose of this appeal on a single point of error, it is unnecessary for us to address the remaining points of error.

We reverse and remand for a new trial.

Justice HEDGES files a concurring opinion.

HEDGES, Justice, concurring.

I concur in the judgment and agree with the majority's overall analysis. I write separately because I disagree with the majority's position that *Lind v. Gresham,* 672 S.W.2d 20 (Tex.App.—Houston [14th Dist.] 1984, no writ), is in conflict with *Lorentzen v. Klies-*

*ing,* 810 S.W.2d 16 (Tex.App.—Houston [14th Dist.] 1991, no writ). The majority's characterizations of both *Lind* and *Lorentzen* are correct as far as they go. As I read *Lind* and *Lorentzen,* however, they are distinguishable from each other and are not in conflict.

In *Lind,* Gresham had filed a motion for sanctions in which he asked the trial court to: (1) strike Lind's answer; (2) hear evidence on damages; and (3) enter judgment for actual and punitive damages. 672 S.W.2d at 21.[1] It was undisputed that Lind received this sanctions motion along with notice of the sanctions hearing. *Id.* at 21–22. Because the sanctions motion requested that the trial court hear evidence immediately and render judgment on damages, Lind had notice of that possibility. Hence, Lind had notice that the sanctions hearing could become a hearing on entry of default judgment on liability and a trial on damages. *Id.* Lind's right to due process was not violated.

In *Lorentzen,* it was uncontroverted that Lorentzen did *not* receive notice of the trial setting. 810 S.W.2d at 20. The trial court violated Lorentzen's right to due process by hearing evidence and rendering judgment without notice of that possibility. *Lind* would not have controlled *Lorentzen.* Therefore, the fact that the *Lorentzen* court failed to mention *Lind* is irrelevant.

The trial court in this case relied upon *Lind* for its authority to hear evidence in a pretrial conference without first notifying the answering defendant of that possibility. I agree with the majority that *Lind* does not authorize the trial court to do what it did.

Rather than conclude that *Lind* was wrongly decided, however, I would distinguish *Lind* on two grounds. First, in *Lind,* the plaintiff, Gresham, had moved for sanctions, specifically asking the trial court to strike the pleadings and hear evidence of

---

2. The trial court disclaimed authority for this action under rules 13 and 215, which pertain to sanctions. Even if those rules apply to cases like this, they do not grant the trial court authority, in the absence of a motion for sanctions, to order sanctions *sua sponte* and without notice. *Zep Mfg. v. Anthony,* 752 S.W.2d 687, 690 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding).

1. "On May 3, 1983, *in response to appellee's motion for sanctions,* the trial court struck appellants' answer, heard evidence on damages, and entered judgment for appellee in the sum of $211,732.34 in actual damages, $290,000.00 in punitive damages, and $84,692.93 in attorney's fees." 672 S.W.2d at 21 (emphasis added).

damages immediately. *Id.* In this case, the court sanctioned Masterson on its own motion.[2] And second, Lind had received notice of the hearing on Gresham's motion for sanctions, as well as notice of the resetting of that hearing, and he knew that Gresham was requesting that the trial court strike his pleadings and hear evidence on damages. *Id.* at 22. In this case, without a *motion* for sanctions, Masterson could not have received notice of a sanctions *hearing*. *Lind* is distinguishable from *Lorentzen.*

Under facts comparable to those in *Lind,* it might be appropriate for a trial court to take such action. That situation is not before us. I would not conclude that *Lind* was wrongly decided.

I agree with the remainder of the majority opinion.

---

**2.** Masterson has consistently characterized the trial court's action as a sanction. On appeal, Cox calls it a sanction, but in her response to Masterson's motion for new trial, Cox *expressly denied* that it was a sanction. The trial court did not use the word "sanction" in the pretrial conference, in the findings of fact and conclusions of law, or in the judgment, but did refer to its imposition of a sanction in the hearing on motion for new trial.