Appellee=s Motion for Rehearing Overruled, Opinion of May 7, 2009,
Withdrawn, Reversed and Remanded and Substitute Memorandum Opinion filed July
2, 2009








 

Appellee=s Motion for Rehearing Overruled, Opinion of May 7,
2009, Withdrawn, Reversed and Remanded and Substitute Memorandum Opinion filed
July 2, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01009-CV

____________

 

JOEL MALLORY, Appellant

 

V.

 

SHARON W. MALLORY AND THE OFFICE OF
THE ATTORNEY GENERAL OF TEXAS, Appellees

 



 

On Appeal from the 310th
District Court 

Harris County, Texas

Trial Court Cause No. 1989-12935

 



 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

We originally issued our opinion reversing and remanding
the trial court=s judgment on May 7, 2009.  The Office of
the Attorney General filed a motion for rehearing on June 8, 2009.  We overrule
the motion for rehearing, vacate our May 7, 2009 judgment, withdraw our
previous opinion, and issue this substitute memorandum opinion in its place. 
Our disposition of the appeal is unchanged.








Joel Mallory appeals from a post-answer default judgment
for child-support arrearage under Chapter 231 of the Texas Family Code. 
Mallory argues that the trial court erred in granting the default judgment and
denying him a new trial because he did not receive proper notice of the
hearing, thereby denying him due process, he did not receive forty-five days= notice of the
hearing pursuant to Texas Rule of Civil Procedure 245, and, alternatively, he
satisfied the standards set forth in Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 133 S.W.2d 124 (1939).  Mallory further argues that he is
entitled to a new trial because the reporter=s record is
missing.  We reverse the trial court=s judgment and
remand for a new trial.

Background

Mallory and his wife divorced in 1991.  The couple had one
minor child and, as part of the divorce decree, the trial court ordered Mallory
to pay child support in the amount of $200.00 semi-monthly.  In January 2006,
the Office of the Attorney General moved to confirm child-support arrearage. 
In July 2006, Mallory was served with the motion to confirm and he timely filed
an answer to the motion.

The attorney general sent notice to Mallory that a hearing
in his case had been scheduled for August 28, 2006.  The notice contained no
detail as to what would occur at the hearing or what motion had been set for
hearing, only that a hearing was scheduled.  The record does not reflect when
the attorney general sent the notice, but Mallory states on appeal that he
received actual notice of the hearing on August 21, 2006.  








A Title IV-D associate judge[1]
held a hearing on the motion to confirm on August 28, 2006, and, when Mallory
failed to appear, signed a default order in favor of the attorney general in
the amount of $24,022.01.[2] 
On September 22, 2006, Mallory filed a verified motion to set aside default
judgment and for new trial.  The attorney general did not file a response to or
otherwise challenge the motion.  After the motion for new trial was overruled
by operation of law, Mallory filed this appeal.

Analysis

As a
preliminary matter, the attorney general contends that Mallory=s verification was insufficient to
support his motion for new trial because Mallory attests in the affidavit that
the facts in his motion are true and correct only Ato the best of his knowledge and
belief,@ and not within his personal
knowledge.  But the attorney general waived this objection when he failed to
raise it in the trial court.  See, e.g., Grand Prairie Indep. Sch. Dist. v.
Vaughan, 792 S.W.2d 944, 945 (Tex. 1990) (per curiam); Hou-Tex, Inc. v.
Landmark Graphics, 26 S.W.3d 103, 112 & n.9 (Tex. App.CHouston [14th Dist.] 2000, no pet.). 









On
rehearing, the attorney general argues that Mallory=s recitation is Ainconsistent with personal knowledge@ and cites Dailey v. Albertson=s, Inc., 83 S.W.3d 222 (Tex. App.CEl Paso 2002, no pet.), for the
proposition that the defect is one of substance and so may be raised for the
first time on appeal.  In Dailey, the affiant recited that the facts in
his affidavit were based on his personal knowledge, but the content of the
affidavit affirmatively showed that he lacked personal knowledge.  See id. at
227.  Here, Mallory stated in his motion that he received the attached notice
of hearing from the attorney general, a matter clearly within his personal
knowledge.  Further, the attorney general does not dispute that the attached
notice was the notice he sent, and he does not contend that he sent any other
notices to Mallory.  Although the attorney general cites additional
authorities, none of them hold that a complaint about the recitation of
personal knowledge in a verification may be made for the first time on appeal. 
For this reason, we overrule the attorney general=s motion for rehearing.

We next turn to the substance of this
appeal.  In his second issue, Mallory argues that the trial court erred in
denying his motion for new trial and failing to set aside the default judgment
because he did not receive proper notice of the potential for a disposition of
his case or default setting.  We agree that the notice sent to Mallory did not give him proper notice
that his case could be determined on the merits or a final default judgment
taken in his absence.  The trial court abused its discretion in denying the
motion for new trial.

A trial court=s order denying a
motion to set aside a default judgment or for new trial is reviewed under an
abuse-of-discretion standard.  Strackbein v. Prewitt, 671 S.W.2d 37, 38
(Tex. 1984); Martinez v. Martinez, 157 S.W.3d 467, 469 (Tex. App.CHouston [14th
Dist.] 2004, no pet).  The trial court abuses its discretion if it acts without
reference to any guiding rules or principles.  Goode v. Shoukfeh, 943
S.W.2d 441, 446 (Tex. 1997).

The trial court abuses its discretion in denying a motion
for new trial if all of the Craddock elements are met.  Bank One,
Tex., N.A., v. Moody, 830 S.W.2d 81, 85 (Tex. 1992). Under Craddock,
the defendant must demonstrate that (1) his failure to appear was not
intentional or the result of conscious indifference; (2) there is a meritorious
defense; and (3) the granting of a new trial will not operate to cause delay or
injury to the opposing party.  Craddock, 133 S.W.2d at 126; Ashworth
v. Brzoska, 274 S.W.3d 324, 328B29 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  The Craddock requirements apply to post-answer
default judgments.  Ivy v. Carrell, 407 S.W.2d 212, 214B15 (Tex. 1966). 








The law presumes that a trial court will
hear a case only after giving proper notice to the parties.  Ashworth,
274 S.W.3d at 329; Jones v. Tex. Dep=t of Public Safety, 803 S.W.2d 760,
761 (Tex. App.CHouston [14th Dist.] 1991, no writ).  Specifically, to
satisfy due- process requirements, a defendant in a post-answer default case
must have been given notice that the case could be decided on the merits in the
event the defendant failed to appear.  See Masterson v. Cox, 886 S.W.2d
436, 439 (Tex. App.CHouston [1st Dist.] 1994, no writ).  If a
defendant establishes that he did not receive proper notice, he satisfies the
first Craddock element and need not prove a meritorious defense.[3]
 See Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988).  In that case, a
new trial is warranted.  See Ashworth, 274 S.W.3d at 329.

The notice sent to Mallory stated in
pertinent part:

A hearing in the above-referenced
child support case has been scheduled before the Court IV-D MASTER=S COURT #3, 49 SAN JACINTO, 2ND
FLOOR, HOUSTON, TX on
8/28/2006 at 8:00 A.M.

Please be aware that your case may require that you stay all day if
necessary.  Much depends upon the nature of your case and the size of the court=s docket.  In addition, your case
may require that you appear in court several times. 

(emphasis
in original).








The notice Mallory received did not give him notice that
dispositive action would be taken in his case in the event he failed to
appear.  The notice did not even state what motion or issue would be heard on
August 28, 2006, much less that a default could occur if Mallory failed to
appear.  In Masterson, the court addressed whether notice of a pretrial
conference could support a default judgment rendered after the defendant failed
to appear.  886 S.W.2d at 437.  The court held that notice of a pretrial
conference did not provide sufficient notice that, if the defendant failed to
appear, the conference would become a disposition on the merits resulting in a
default judgment.  Id. at 439.  The Masterson court reversed the
default judgment because it did not comply with the requirements of due
process.  Id.; see also Murphree v. Ziegelmair, 937 S.W.2d 493, 496
(Tex. App.CHouston [1st Dist.] 1995, no writ) (holding that
defendant who has appeared must be given notice that a failure to appear at
pretrial conference may result in dismissal or default to satisfy due process).


As in Masterson, Mallory had notice that a hearing
would occur, but he did not have notice that the hearing would be dispositive
and a default judgment rendered in the event he failed to appear.  A
post-answer default judgment rendered without proper notice is an abuse of
discretion.  See Masterson, 886 S.W.2d at 439.  The trial court
did not give Mallory notice that his failure to appear at the hearing could
result in dispositive action being taken in the form of a default order on
child-support arrearage.  As a result, the trial court abused its discretion in
denying Mallory=s motion for new trial or to set aside the
default judgment.  Id. 

Accordingly, we reverse the judgment of the trial court and
remand for proceedings consistent with this opinion.

 

 

 

 

/s/      Jeffrey V. Brown

Justice

 

 

 

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.









[1]  In 2003, the legislature changed the title of a
child support master to associate judge for Title IV-D cases.  See Act
of May 27, 2003, 78th Leg., R.S., ch. 1258, ''
2-15, 25-28, 2003 Tex. Gen. Laws 3564, 3564-68, 3570 (eff. Sept. 1, 2003).





[2]  Mallory did not appeal the IV-D default judgment
order to the referring court; therefore, the order became the order of the
referring court by operation of law.  See Tex. Fam. Code Ann. ' 201.1041(a) (Vernon 2008).  





[3]  Whether a defendant who does not receive notice of a
trial setting must satisfy the third Craddock element appears to be the
subject of disagreement among Texas appellate courts.  See In re Marriage of
Parker, 20 S.W.3d 812, 817 (Tex. App.CTexarkana
2000, no pet.) (surveying approaches).  We need not decide that issue here,
however, because the attorney general does not contend, nor does the record
indicate, that a new trial will work an injury to it.  See Cliff v. Huggins,
724 S.W.2d 778, 779 (Tex. 1987).