Donald Lee KOCMAN, Appellant,

v.

Carmaleete KOCMAN, Appellee.

No. 6037.

Court of Civil Appeals of Texas, Waco.

April 30, 1979.

D. Brooks Cofer, Jr., Cofer & van Overbeek, Bryan, for appellant.

Elmer McVey, Bryan, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from a judgment in a controversy which had its origin in a divorce suit. The original divorce suit was filed on February 21, 1973, by the wife, Carmaleete Kocman, Appellee in the case at bar against her then husband Donald Lee Kocman, Appellant in the case at bar. Mr. Kocman was duly served, but failed to appear for trial, whereupon a default judgment on May 4, 1973 was taken by Mrs. Kocman against Mr. Kocman in which the court granted a divorce and made an adjudication of their property rights. Among the property rights provisions of said divorce judgment, the home place consisting of a house and lot in Bryan, Texas, together with the furniture and furnishings located therein, save and except Mr. Kocman's clothing and personal effects, were awarded to Mrs. Kocman. It is not necessary for the purposes of this appeal to detail any further provisions of said judgment. The parties had no children born to their marriage.

Four days after entry of the divorce judgment, to wit, on May 8, 1973, Mr. Kocman filed a pleading which he called "Motion to Set Aside Default Judgment" but which upon examination is shown to be in truth and in fact a motion for new trial.

On June 29, 1973, an agreed motion for continuance was filed wherein Appellant refers to the "Motion to Set Aside Default Judgment" as a "Motion for New Trial," which agreed motion, among other things, recites that the parties agreed "that said Motion for a New Trial be continued for not more than ninety (90) days from May 8, 1973, and that same be heard on a date as the Court may hereinafter set." At the bottom of said agreed motion is shown an order setting "the said Motion for New Trial" on July 27, 1973, at 2 P.M.

No order was ever entered or granted upon said motion; however, a copy of the court's docket sheets is included in the transcript which purports to show a docket notation as follows dated 7–27–73: "Bill of Review granted, and new trial granted as to property rights only." In oral argument, in answer to questions propounded from the bench, both parties stipulated that said docket notation was never entered in the court's minutes.

Bearing in mind the posture of the divorce proceedings and judgment as hereinabove outlined, we go on to state that on September 12, 1977, Mrs. Kocman as Plaintiff brought the instant suit against Mr. Kocman as Defendant, asserting that the divorce judgment of May 4, 1973, was a final judgment in which she had been awarded title to and possession of the home place and furniture and furnishings therein situated. She further alleged that ever since said divorce judgment, Mr. Kocman had remained in possession of such property and had threatened her with serious bodily injury in the event she tried to get possession of said property. In said instant suit she prayed for a writ of possession of and for said property, and to enjoin Mr. Kocman from interfering with her use and enjoyment of same.

After trial of the instant case, the trial court entered judgment on October 17, 1978, ordering that a writ of possession be issued in favor of Plaintiff Mrs. Kocman for title and possession of the home place, furniture, and furnishings sued for by her. In said judgment the trial court further recited that the divorce judgment of May 4, 1973, was a "final and subsisting judgment."

Defendant-Appellant Mr. Kocman appeals from said last-mentioned judgment, contending that there has never been any judicial determination of the property rights of Mr. and Mrs. Kocman; Appellant further argues that after the hearing of July 27, 1973, the trial court granted a bill of review and a new trial as to the property rights as evidenced by the trial court's entry on the docket sheet bearing date of "7–27–73" as hereinabove quoted. Based upon the foregoing reasons, Appellant says he has never been afforded his day in court insofar as adjudication of property rights is concerned. Appellant concedes that the divorce judgment of May 4, 1973, is a final judgment insofar as the granting of a divorce is concerned, but says it is not a final judgment insofar as it purports to adjudicate the property rights of the parties. We do not agree with Appellant's contentions.

Rule 329b, Section 3, Texas Rules of Civil Procedure, provides:

"All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement. Any such day certain shall not be more than ninety (90) days after such original or amended motion is filed."

Rule 329b, Section 4 in its pertinent parts provides:

".  .  . In the event an original motion or amended motion for new trial be not presented within thirty (30) days after the date of the filing thereof, and the judge in his discretion refuses to consider the same or refuses to hear evidence relating thereto, such motion will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date. In the event the decision of the motion is postponed by any written agreement as provided in subdivision 3 of this rule then any such original or amended motion, if not determined by the court, will be overruled by operation of law ninety (90) days after the same is filed or on the latest day certain agreed upon, whichever occurs first."

█ In the agreed motion for continuance filed by the parties on June 29, 1973, hereinabove referred to, the parties agreed that "motion for new trial may be continued up to a period of 90 days," but *no day certain* was in the agreement. In order to comply with Rule 329b, a *fixed* or *certain date* for the decision must be agreed upon and set out in the agreement. The agreement in the case at bar shows that no fixed or certain date was agreed upon for a decision. Therefore we are of the opinion and hold that the motion for new trial filed May 8, 1973, was overruled by operation of law 45 days after May 8, 1973, and since there was no appeal made therefrom, it necessarily follows that the divorce judgment of May 4, 1973, became a final judgment in all respects, and was such at the time the case at bar was filed. *Holland v. Foley Bros. Dry Goods Co.* (Texarkana Tex.Civ.App. 1959) 324 S.W.2d 430, writ refused; *Moore v. Decuir* (Galveston Tex.Civ.App.1956) 286 S.W.2d 471, writ refused; also see *Texas Pacific Indemnity Co. v. Building Material Distributors, Inc.* (Dallas Tex.Civ.App.1973) 502 S.W.2d 922, no writ; *Hulsey v. Keel* (San Antonio Tex.Civ.App.1976) 541 S.W.2d 656, NRE; *Hester v. Keefer* (Waco CA 1973) 497 S.W.2d 642, no writ.

██ The court's docket notation dated 7–27–73 which recites: "Bill of Review granted and new trial granted as to property rights only" has no legal effect, because it is undisputed that said docket notation was never made a part of the court's minutes, and no formal order was ever entered by the trial court pursuant thereto. Any order or judgment to be effective must be entered of record, and that was not done here. *Sigler v. Realty Bond and Mortgage Co.* (Comm.App.1940) 135 Tex. 76, 138 S.W.2d 537, opinion adopted.

Under our view of the case, since we hold that the divorce judgment of May 4, 1973, became final 45 days after May 8, 1973, to

wit, on June 22, 1973, it necessarily follows that said judgment effectuated a disposition and adjudication of the property rights of the parties. In said divorce judgment, Appellee Mrs. Kocman was awarded the home place and personal property therein situated. This being true, judgment of the trial court ordering a writ of possession in favor of Appellee Mrs. Kocman for the home place and personal property therein was correct.

All of Appellant's contentions are overruled, and the trial court's judgment is affirmed.

AFFIRMED.