FEDERAL DEPOSIT INSURANCE COR-
PORATION, in its Corporate Capacity
as Assignee of the Assets of Bear Creek
National Bank, Appellant,

v.

Louis E. FINLAY, Appellee.

No. 01–90–00088–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 4, 1992.

Rehearing Denied July 16, 1992.

David A. Groveman, Nick Turner, Hous-
ton, for appellant.

Ellen Finlay, Houston, for appellee.

Before SAM BASS, MIRABAL and
O'CONNOR, JJ.

OPINION ON MOTION
FOR REHEARING

O'CONNOR, Justice.

We grant the appellee's motion for re-
hearing and after hearing argument, we
withdraw our earlier opinion and issue this
opinion in its stead.

The issue before us is: May a trial court
make an oral order at a rule 166 [1] pretrial
conference, which is not reduced to writing
and not recorded in a statement of facts,
and later dismiss a party's suit with preju-
dice for the violation of that order?  This
appeal arises because an oral order made
during a rule 166 pretrial conference was
not reduced to writing, was not recorded in
a statement of facts, and the parties now
disagree about the terms of the order.  We
reverse.

On July 6, 1986, Louis E. Finlay signed a
promissory note that obligated him to pay
Bear Creek National Bank (the Bank) $93,-
000 plus interest.  The purpose of the note
was to continue an earlier loan for $63,000
and borrow additional sums.  Finlay used
the additional sums for oil and gas invest-
ments and to pay for his portion of debts
incurred in the development of the Bear

1.  All references to rules are to the Texas Rules    of Civil Procedure.

Creek Center.[2] To secure the note, Finlay put up his working interest in certain oil wells (the oil and gas property) and assigned part of a life insurance policy to the Bank. Later, the United States Office of the Comptroller of the Currency declared the Bank insolvent and appointed the FDIC as the receiver. About the same time, Finlay became delinquent to the Bank on the note, and the FDIC brought this suit against him.

On August 16, 1988, the FDIC took Finlay's deposition. During the deposition, the parties discussed settlement. Finlay proposed that he give the FDIC his interest in land located in the Bryan/College Station area (the Bryan property) in satisfaction for the note. That property was not collateral to the note. The parties agreed to have the Bryan property appraised. After the deposition, Finlay's attorney (who also is his daughter), sent a letter to the FDIC confirming the terms of the settlement discussion. The letter indicates that the parties agreed that the FDIC would have the property appraised, and if Finlay did not agree with the appraisal, he would have the property reappraised at his expense. In this appeal, the FDIC alleges that the terms of the actual agreement called for each party to obtain an appraisal of the property, and if the appraisals were highly divergent, a third appraisal would be performed with the parties splitting the cost.

The case went to a pretrial conference on September 11, 1989. At the conference, both parties agree they discussed two sets of appraisals: (1) the oil and gas appraisals that were collateral for the note and that had been requested by Finlay in a request to produce; and (2) the appraisal of the Bryan property. Both parties also agree that the trial court ordered the FDIC to produce the oil and gas appraisals within two weeks from September 11, 1989 (September 25). The parties do not agree about the appraisal for the Bryan property. Finlay contends the trial court ordered the FDIC to produce the appraisal for the

Bryan property; the FDIC contends the trial court did not include the Bryan property in the order to produce the appraisals. The court's order regarding the appraisals was not reduced to writing.

The trial court made a docket entry to memorialize the oral order, but did not sign it. The docket entry states "9–11–89 PTC plaintiff to produce appraisals or face dismissal—to be produced in 2 wks. Defendant to produce appraisal wt in 30 days. To be set for trial May 1990." On September 25, 1989, the trial court signed a "docket control order," a fill-in-the blank form. The order, which was dated September 15, 1989 and signed on September 25, 1989, made the following provisions:

September 15, 1989
DOCKET CONTROL ORDER

New parties to be joined and served by "this date." (No date was provided.)

Experts for plaintiffs to be designated by this date (no date was provided); experts for other parties to be designated 30 days after this date.

Discovery shall be completed by this date. (No date was provided.)

Amendments to pleadings shall be filed by this date. (No date was provided.)

4–27–90 Joint pre-trial order shall be filed by this date.

Pre-trial conference will be held. Trial counsel are ordered to attend and be prepared to discuss all aspects of the suit and trial.

5–7–90 Trial setting.

If no date appears to the left of any item, follow T.R.C.P.

Signed this 25th day of Sept. 1989.

/s/

As of September 25, 1989, the FDIC had not produced any appraisals. On that date, Finlay filed a proposed order of dismissal. Finlay's proposed order stated that the FDIC's cause was dismissed due to its failure to comply with the September 11, 1989, oral order. Thereafter, Finlay filed two

---

**2.** Bear Creek Center is a shopping center developed by the Bear Creek Center partnership.

The building that was the Bear Creek National Bank is located on those premises.

letters with the court. The first letter, file stamped October 5, 1989, included an alternative order, which stated, as an additional ground for dismissal, that the FDIC had not filed an objection to Finlay's discovery request.

In the second letter, file stamped October 9, 1989, Finlay acknowledged that he received the oil and gas appraisals on October 2, 1989, but reiterated his position that the trial judge ordered all appraisals to be produced by September 25, 1989. Neither letter included certification to the court that the letters were served on the FDIC, as was then required by rule 72 (now rule 21), and the FDIC complains that it did not receive the letters until the day the judgment was signed.

The trial court signed a final judgment on October 10, 1989. It states the following:

On September 11, 1989, the Court ordered the Federal Deposit Insurance Corporation (hereinafter FDIC) to produce to Defendant its appraisals of Defendant's collateral securing the note at issue and other property within two weeks or the case would be dismissed with prejudice. The Plaintiff FDIC has failed to comply with the order. As an additional ground for dismissal, the FDIC has failed to properly object or respond to discovery request propounded by Defendant to FDIC in July of 1988, which discovery request also requested that FDIC produce the appraisals in its possession to Defendant. Therefore, this cause is hereby DISMISSED WITH PREJUDICE.

To summarize some of the dates involved in this transaction:

9–11   pretrial conference

9–25   deadline for FDIC to file appraisals according to docket entry

9–25   Finlay filed order (not motion) to dismiss

9–25   trial court signed docket control order; does not mention appraisals; order dated 9–15

9–27   FDIC filed appraisals for the oil and gas property, two days late

9–28   Finlay filed notice of submission for dismissal order, set for 10–9

10–2   FDIC delivered the oil and gas appraisals to Finlay

10–9   FDIC filed a response to motion to dismiss and Finlay filed reply to FDIC's response

10–10  Trial court signed order of dismissal with prejudice

## No written order

In point of error one, the FDIC contends the trial court erred in concluding its oral order of September 11, 1989, was an enforceable order. We agree.

Rule 166 states in part:

*The court shall make an order that recites the action at the pretrial conference,* the amendments allowed to the pleadings, the time within which the same may be filed, and the agreements made and which limits the issues for trial to those not disposed of by admissions, agreements of counsel, or *rulings of the court;* and such order when issued shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pretrial calendar on which actions may be placed for consideration as above provided and may either confine the calender to jury actions or extend it to all actions.

(Emphasis added.) In requiring a trial court to make an order "that recites the action at the pretrial conference," rule 166 requires the trial court to reduce the order to writing. The only pretrial order the trial court signed was the docket control order, which did not include any mention of a deadline to produce the appraisals and sanctions for failure to produce them. The trial court did not sign any other order about production of the appraisals. Because the trial court did not comply with rule 166, we sustain the FDIC's point of error one.

Finlay argues that the only orders that must be in writing before they can be enforced are those that impose a time limit upon the trial court's jurisdiction to act,

and cites *Walker v. Harrison,* 597 S.W.2d 913 (Tex.1980), *McCormack v. Guillot,* 597 S.W.2d 345 (Tex.1980), and *Tate v. Commodore County Mutual Insurance Co.,* 767 S.W.2d 219 (Tex.App.—Dallas 1989, writ denied).

The *Walker* opinion identified certain orders that the trial court must reduce to writing, even if the court announces its ruling in open court and the order is transcribed in the statement of facts by the court reporter. For example, a trial court may not orally reinstate a case that was dismissed for want of prosecution. *Walker,* 597 S.W.2d at 916. In *Walker,* the court held that an oral order attempting to reinstate a case that was dismissed for want of prosecution was ineffective. If a trial court attempts to orally overrule a motion for new trial without signing such an order, the motion will be overruled by operation of law, not by the trial court's oral order. *McCormack,* 597 S.W.2d at 345 (oral order attempting to overrule a motion for new trial was ineffective); *see also Reese v. Piperi,* 534 S.W.2d 329, 330–31 (Tex.1976) (oral order attempting to overrule a motion for new trial was ineffective).

In *Tate,* although the court of appeals upheld a dismissal based on an oral order, it noted that the appellant did not argue that the oral order of the trial court denied the trial court the right to impose the sanction of dismissal with prejudice. *Tate,* 767 S.W.2d at 222. Here, the FDIC's entire appeal is based on that very issue: A trial court may not dismiss a party's suit with prejudice as a sanction for violation of an oral order announced at a rule 166 pretrial conference. The *Tate* court recognized that to be effective, orders must generally be entered of record, and cited *Manoogian v. Lake Forest Corp.,* 652 S.W.2d 816, 819 (Tex.App.—Austin 1983, writ ref'd n.r.e.) (oral order of the court striking an affidavit was not effective in a summary judgment case), and *Kocman v. Kocman,* 581 S.W.2d 516, 518 (Tex.Civ.App.—Waco 1979, no writ) (docket notation that said the court granted a bill of review was not effective). Citing a case from this Court, the *Tate* court recognized that the docket sheet generally cannot stand as a substitute for an order. *Harris Cty. Child Welfare Unit v. Caloudas,* 590 S.W.2d 596, 598 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) (docket notation that unidentified motions were denied was not a judicial order). We agree with the reasoning of *Tate.*

There are three other reasons *Tate* is distinguishable from this case: (1) in *Tate,* the terms of the oral order were certain (produce a witness for deposition); here, the terms of the oral order are in dispute (the record indicates FDIC thought it was required to produce only the oil and gas appraisals, and Finlay thought the FDIC was required to produce the oil and gas appraisals and the Bryan property appraisal); (2) in *Tate,* the oral order to produce was not an order entered after a pretrial conference, and thus not governed by rule 166; here, the order was made in a pretrial conference and should have been reduced to writing as required by rule 166; and (3) in *Tate,* the order dismissing the case was made after repeated violations of discovery procedure; here, the trial court dismissed FDIC's lawsuit even though there was no record that the FDIC had violated any other discovery order.

Finlay argues that to require the trial court to issue a written order before imposing sanctions contradicts this Court's opinion in *McConnell v. Memorial Construction Co.,* 821 S.W.2d 166 (Tex.App.—Houston [1st Dist.] 1991, writ requested). We disagree. In *McConnell,* the trial court directed the parties in writing to furnish a docket control order by a certain date. Here, the trial court did not direct the FDIC in writing to produce the appraisals. Because there was a written order in *McConnell,* that case does not apply here.

Finlay argues in a post-submission brief that if the trial court had included the order to produce the appraisals in its rule 166 pretrial order, it would not have changed the outcome of this case. He argues that, because the trial court did not sign and mail its rule 166 pretrial order until September 25, the day the FDIC was required to produce the appraisals, the order would not have reached the FDIC until

after the date required for production. Finlay misses the point. The point is that the trial court was required to give the FDIC specific notice of the terms of its order in writing. If the rule 166 order had required the FDIC to produce the appraisals and if it had not reached the FDIC until after the production date, it would not have been sufficient notice to the FDIC.

We hold that a trial court may not dismiss a party's suit with prejudice as a sanctions for violation of an oral order made at pretrial conference that was not included in the written rule 166 order and remand the cause. TEX.R.CIV.P. 166.

We reverse the judgment of the trial court without considering the FDIC's remaining points of error.