**Javier PALACIOS, Individually and d/b/a Palacios Motors, Appellant,**

**v.**

**Andy WINTERS d/b/a Houston Automotive Group, Appellee.**

No. 13–99–216–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 17, 2000.

---

E. James Rausch, Rausch Law Office, Granbury, Keith C. Livesay, Livesay & Cowen, Pharr, for Appellant.

David A. Cantu, McAllen, for Appellee.

Before Chief Justice SEERDEN and Justices DORSEY and YAÑEZ.

## OPINION

Opinion by Chief Justice SEERDEN.

Javier Palacios, individually and d/b/a Palacios Motors, appellant ("Palacios"), appeals from the trial court's grant of a default judgment in favor of Andy Winters, d/b/a Houston Automotive Group ("Winters"), appellee. By three issues,

Palacios generally contends that the trial court erred in denying his motion for new trial. Appellee has not favored the Court with a brief in this case. We reverse and remand.

The parties are in the automobile business. According to the original petition, Winters sold four automobiles to Palacios in March 1991. To pay for these purchases, Palacios executed and delivered four documentary drafts to Winters. When the drafts were presented to the drawee bank, however, they were not paid and were marked with the notation, "Returned Unpaid." Winters filed suit in April 1992 to recover the unpaid amounts.

The case remained pending for several years following a transfer from Harris County to Hidalgo County. Eventually, the court held a docket control conference on September 22, 1998. The record reflects that subsequent to this conference the court noted on its docket sheet that a pre-trial hearing was scheduled for January 8, 1999, and a jury trial had been set for January 11, 1999. However, there is no written order in the record memorializing such a setting.

On January 11, 1999, Winters appeared, but Palacios did not. Winter then moved for, and was granted, a default judgment as to liability. After several resettings, the trial court subsequently held a separate hearing as to damages. Palacios moved for new trial after this judgment was entered, claiming that he did not have notice of any hearings held on or after January 11th. After a hearing, the trial court denied Palacios's motion. Palacios appeals from the judgment and this order.

By his first issue, Palacios contends that he is entitled to a new trial because he did not receive adequate notice of various trial settings. The rules of civil procedure provide that a trial court may, when appropriate, conduct a pretrial conference to resolve, *inter alia*, administrative issues such as setting a trial date. *See* TEX. R. CIV. P. 166; *Loffland Bros. Co. v. Downey*, 822 S.W.2d 249, 251 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding). After holding such a conference, the "court *shall* make an order that recites the action taken at the pretrial conference." TEX. R. CIV. P. 166 (emphasis added). The order must be in writing to be effective. *F.D.I.C. v. Finlay*, 832 S.W.2d 158, 162 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

In the instant case, there is no written order in the record memorializing the trial setting. Thus, the trial court did not comply with Rule 166. As such, any purported order or agreement on a trial setting stemming from the docket control conference was not enforceable. *See id.* at 160. The trial court erred in granting a default judgment after Palacios's failure to appear on the alleged trial date. In that regard, the trial court abused its discretion in denying Palacios's motion for new trial. *See generally State Farm Fire & Cas. Ins. Co. v. Vandiver*, 970 S.W.2d 731, 738 (Tex. App.—Waco 1998, no pet.). The cause must be remanded for new trial. Palacios's first issue is sustained.

Because our disposition of Palacios's first issue is dispositive of this appeal, we need not reach the remaining issues. *See* TEX. R. APP. P. 47.1.

The judgment of the trial court is REVERSED and the cause REMANDED for new trial.