**Affirmed and Majority and Dissenting Opinions filed June 4, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00920-CV

---

## PEDRO ECHARTEA, Appellant

## V.

## JUAN D. FLORES AND MARTHA O. GONZALEZ, Appellees

---

**On Appeal from the County Court at Law No. 3 and Probate Court
Brazoria County, Texas
Trial Court Cause No. CI64037**

---

## M A J O R I T Y   O P I N I O N

This is an appeal from a final and appealable order dismissing appellant Pedro Echartea's application for writ of certiorari of the justice court's dismissal of his claims against appellees Juan Flores and Martha Gonzalez[1] (collectively the "Flores Parties"), as well as his appeal as a matter of right to the statutory county court of the justice court's judgment. Although Echartea initially challenged only the statutory county court's alleged error in not granting his motion for rehearing,

---

[1] Martha Gonzalez is the wife of Juan Flores, who was added as defendant in the justice court.

or alternatively for a new trial, challenging the dismissal of his application for writ of certiorari, this court requested further briefing as we considered our jurisdiction and concluded that the dismissal order was a final judgment dismissing both Echartea's appeal from the justice court as well as his application for writ of certiorari. Echartea filed a supplemental brief asserting that if the statutory county court dismissed his appeal as a matter of right then that dismissal was error. Concluding that (1) Echartea did not preserve error on his objection to the statutory county court's dismissal of his appeal as a matter of right and (2) the statutory county court did not abuse its discretion in denying Echartea's motion for rehearing, or alternatively for a new trial, we affirm the statutory county court's judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Echartea filed suit against the Flores Parties seeking to recover damages for concrete work performed on his property that Echartea paid for and alleges was not properly completed in 2021. The suit was originally filed in one of Brazoria County's justice courts and then later transferred to the justice court precinct in which the Flores Parties lived. After a hearing in April 2022, the justice court dismissed Echartea's claims with prejudice.

In May 2022, Echartea appealed the dismissal to the statutory county court for a trial de novo. *See* Tex. R. Civ. P. 506.1, 506.3. A few days later, Echartea also filed an application for writ of certiorari in the statutory county court challenging the judgment of the justice court. *See* Tex. R. Civ. P. 506.4; *Westwood Shores Country Club v. Hendrickson*, 395 S.W.3d 298, 303 (Tex. App.—Tyler 2013, no pet.) ("The remedy by certiorari is independent of the one by appeal, and

2

additional thereto.").[2] The Flores Parties filed a motion in opposition to Echartea's application for writ of certiorari, which was set for hearing. However, neither Echartea nor his counsel attended the hearing. The statutory county court signed an order granting the Flores Parties' "Motion to Dismiss the Writ of Certiorari" (the "Dismissal Order"). In the Dismissal Order, the statutory county court granted the Flores Parties' motion, ordered that "this cause is dismissed with prejudice," and directed the justice court to "proceed with the execution of that Court's Judgment." Echartea did not object to the finality language in the Dismissal Order; although he did file a motion for rehearing, or alternatively for a new trial, arguing that he did not get notice of the hearing and that the statutory county court improperly dismissed his application for writ of certiorari.

## II. ANALYSIS

In this appeal, Echartea initially raised a single issue (the first issue) arguing that the statutory county court abused its discretion in failing to grant his motion for rehearing or for a new trial.[3] However, as a threshold matter, we must

---

[2] Although this appeal does not raise the propriety of Echartea filing both an appeal from the justice court as well as a writ of certiorari, we note that the difference between the two procedures is in the scope of review:

> The proceeding by certiorari is direct and appellate in its nature; but there is this essential difference between an appeal by certiorari and an ordinary appeal from the probate to the district court. An appeal removes the matter complained of to the district court for trial de novo as a matter of right; whereas certiorari reviews the action of the probate court for errors committed by that court. The trial in the district court, it is true, is de novo, but the issues are confined to errors of the county court specifically set forth in the application for the writ; and, unless there be error, the order or decision of the county court will not be disturbed.

*Cluck v. Hester*, 521 S.W.2d 845, 848 (Tex. 1975) (quoting *Schwind v. Goodman*, 221 S.W. 579, 580 (Tex. [Comm'n] App. 1920)).

[3] Although titled a motion for rehearing or in the alternative new trial, Echartea's motion was a motion for new trial. Although the statutory county court held a hearing, there was no written ruling. Therefore, the motion for new trial was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

determine whether Echartea appeals from a final judgment.

An order issued without a conventional trial on the merits is final for purposes of appeal if it (1) actually disposes of all claims and all parties before the court or (2) states with unmistakable clarity that it is a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 200 (Tex. 2001).

Echartea filed his application for writ of certiorari in the same case and under the same cause number as his appeal, seeking both writ of certiorari relief and de novo appeal relief in a single pleading filed in the statutory county court.[4] The Flores Parties did not assert any counterclaims. When the statutory county court dismissed the "cause" its ruling encompassed all Echartea's claims, not just his application for writ of certiorari. Under the unambiguous meaning of the language used in the Dismissal Order, the statutory county court actually disposed of all claims and all parties before the court by stating that "this cause is dismissed with prejudice." *See Lehmann*, 39 S.W.3d at 205 (stating that "[l]anguage that . . . the case is dismissed, shows finality if there are no other claims by other parties"); *F.D.I.C. v. Finlay*, 832 S.W.2d 158, 160 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (concluding that order was a final judgment where the only decretal language in the order was "this cause is hereby DISMISSED WITH PREJUDICE"). Even though the record does not support a legal basis for such an adjudication, the order is nevertheless a final judgment. *Lehmann*, 39 S.W.3d at 206 (stating that "[a]n express adjudication of all parties and claims in a case is not interlocutory merely because the record does not afford a legal basis for the adjudication."). Therefore, we conclude that the Dismissal Order is a final judgment, over which this court has appellate jurisdiction. *See Lehmann*, 39

---

[4] We express no opinion over whether the writ of certiorari was correctly filed in the same cause number as Echartea's appeal.

4

S.W.3d at 205; *Finlay*, 832 S.W.2d at 160.

## A. The appeal from the justice court as a matter of right

Because the statutory county court rendered a final judgment, Echartea's appeal as a matter of right is no longer pending and was dismissed by the statutory county court. Although the parties did not brief the finality of the Dismissal Order in their original appellate briefing, we requested further briefing to allow the parties to address both our subject-matter jurisdiction any allegations of error in the statutory county court relating to the rendition of final judgment.

Echartea filed a supplemental brief arguing that the statutory county court erred in dismissing his appeal from the justice court (the second issue), because the question of his appeal was not before the statutory county court and the Flores Parties had not challenged his appeal.[5] However, Echartea never addressed how and whether he preserved error in the statutory county court. *See* Tex. R. App. P. 33.1.

Although he filed a postjudgment motion, Echartea failed to object to the

---

[5] Echartea argues that the Dismissal Order is void and that the statutory county court lacked subject-matter jurisdiction to dismiss the case. Appellant does not offer any authority for the proposition that the Dismissal Order was void or that the statutory county court lacked subject-matter jurisdiction to address his claims. We disagree with this statement as the statutory county court had the jurisdiction to hear civil cases with an amount of controversy more than $500, but less than $200,000, as well as appeals as matter of right from justice courts. *See* Tex. Gov't Code Ann. § 25.0222 ("In addition to the jurisdiction provided by Section 25.0003 and other law, a statutory county court in Brazoria County has concurrent jurisdiction with the district court in . . . civil cases in which the matter in controversy exceeds $500 but does not exceed $200,000, excluding interest, statutory damages and penalties, and attorney's fees and costs, as alleged on the face of the petition"); Tex. R. Civ. P. 506.3 (appeal of judgment in justice court goes to county court for trial de novo); Tex. Gov't Code Ann. § 25.0003(a) ("A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts."). Nevertheless, despite invoking the term "void," the gravamen of Echartea's supplemental argument is that the statutory county court erred in dismissing the justice-court appeal because the Flores Parties "did not challenge any issue with the appeal by proper and [timely] motion." Therefore, we construe his argument to be one of reversible error, rather than one of lack of subject-matter jurisdiction.

finality language in the statutory county court's judgment. Echartea did not raise the complaint in the second issue by a request, objection, or motion in the statutory county court. He did not make the statutory county court aware of the alleged error. Therefore, the second issue has not been preserved for appellate review. *See Stamos v. Houston Indep. Sch. Dist.*, No. 14-18-00340-CV, 2020 WL 1528047, at *4 (Tex. App.—Houston [14th Dist.] Mar. 31, 2020, no pet.) (mem. op.).

We overrule the second issue.

## B.    Denial of motion for new trial

In the first issue, Echartea argues that the statutory county court erred by denying his motion for rehearing, or alternatively motion for a new trial, as to the dismissal of his application for writ of certiorari, thereby depriving him of his constitutional right to be heard.

The abuse-of-discretion standard applies to review of the denial of a motion for new trial. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam) (review of motion for new trial); *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding principles. *K–Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000).

Echartea sought a new trial on the basis that he did not receive notice of the hearing on the Flores Parties' motion to dismiss.[6] Although the Flores Parties sent a notice of hearing on their motion to dismiss, the notice was sent to the email address for Echartea's counsel in the electronic-filing system. That email address was associated with a law firm at which Echartea's counsel no longer worked by

---

[6] In his motion for rehearing, Echartea challenged the legal basis for the statutory county court's dismissal of his application for writ of certiorari. However, he does not raise that legal issue on appeal.

the time the notice of hearing was served. Echartea argues his counsel contacted opposing counsel to alert them to both his change of contact information and change of firms before the Flores Parties' notice and motion were served. Echartea's counsel admitted that he did not update his email address in the Texas electronic-filing system. Nevertheless, Echartea argues that regardless of the email address in the electronic-filing system, the Flores Parties should have served Echartea's counsel at his new email address and did not do so. Because of this alleged failure, Echartea maintains he was deprived of due process—here his opportunity to appear and be heard at the hearing.

### 1. Service pursuant to Rule 21a

Notice is "[a]n elementary and fundamental requirement of due process." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The United States Constitution's Due Process Clause and the Texas Constitution's Due Course of Law Clause require adequate procedural due process for parties to a judgment, including notice of trial court proceedings. *See* U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19; *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 188–89 (Tex. 2022). Such notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Texas Rule of Civil Procedure 21a(a)(1) governs providing notice for documents other than citation. The rule provides that a document "must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager." Tex. R. Civ. P. 21a(a)(1). The current version of Rule 21a was designed to avoid confusion and disputes over service, including disputes over whether service was sent to the correct email address. *See* Tex. R. Civ. P. 21a(a); *Rouhana v. Ramirez*, 556 S.W.3d

7

472, 480 (Tex. App.—El Paso 2018, no pet.).

## 2. No abuse of discretion

Echartea's counsel had previously electronically filed documents and accordingly had a duty to update his email address not just with the court and the other parties, but also with the electronic-filing system.[7] *See* Brazoria Cnty. (Tex.) Loc. R. 5.1(c) (stating that "a filer additionally agrees to provide information regarding any change in his or her e-mail address to TexFile, the Clerk, and all parties in the case"). Here, the Flores Parties used the electronic-filing system to serve Echartea. The notice of hearing for the Flores Parties' motion to dismiss includes an automated certificate of eService from the electronic-filing system, as well as a certificate of service confirming that Echartea was served through his counsel's email address.

"A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." Tex. R. Civ. P. 21a(e); *see Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) ("It is true that notice properly sent pursuant to Rule 21a raises a presumption that notice was received."). Echartea, in his motion for rehearing, or alternatively new trial, challenged this presumption as Rule 21a allows. Echartea then had the burden to establish that the document was not received. Tex. R. Civ. P. 21a(e). However, when a party challenges receipt of notice, it must be proved according to the rule. *See Mathis*, 166 S.W.3d at 745.

---

[7] Echartea argues in his reply brief that Rule 21a addresses the situation at hand because it provides for service "[i]f the mail address of the party or attorney to be served is not on file with the electronic filing manager." Tex. R. Civ. P. 21a(a)(1). However, there was an email address on file with electronic filing manager confirmed by the automated certificate of eService from the electronic-filing system. It was also an email address that Echartea had designated in his most recent pleading.

It is undisputed that Echartea's counsel had not updated his service address in the electronic-filing system. Echartea does not argue that service was not properly sent. He argues that the Flores Parties should have known his counsel changed his address because of email correspondence counsel exchanged with a staff member at the law firm representing the Flores Parties. There is no evidence in the record that Echartea served or sent a change of address notification to the Flores Parties before the motion to dismiss and corresponding notice of hearing were filed. Rather, Echartea relies on language in his counsel's email to an employee of opposing counsel in which Echartea's counsel states, "In between that time, I had trouble getting the file from my old firm, after I started my own firm."

There is nothing in the subject email that constitutes an affirmative notification of any changes in the service address. Even if the paralegal noticed that Echartea's counsel had new or different contact information in his email signature, the Flores Parties were still required to serve Echartea under the rules through the electronic-filing system at the email address on file. Had the Flores Parties noticed the new contact information they could have served Echartea with an additional copy to the new address. However, there is neither any duty or rule requiring such action, nor does Echartea cite to any. *See Brandon v. Rudisel*, 586 S.W.3d 94, 102 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (concluding that trial court did not abuse its discretion in denying motion for new trial when notice was sent to party's last known email address as required under Texas Rules of Civil Procedure).

Although Echartea offered evidence that he did not receive actual notice of the hearing, there was also evidence that Echartea had constructive notice of the hearing at the email address that he had previously identified in the electronic-filing system as well as in his most recent live pleadings. Constructive

9

notice satisfies the requirement for procedural due process. *See In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009). We cannot say the statutory county court abused its discretion in denying Echartea's motion for new trial on the basis that Echartea was deprived of notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

We overrule the first issue.

## III. CONCLUSION

We affirm the final judgment of the statutory county court.


/s/    Randy Wilson
        Justice


Panel consists of Justices Jewell, Spain, and Wilson (Spain, J., dissenting).